## THE STATE *vs.* GERTRUDE A. VAUGHAN.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Until sentence has been pronounced there is no final judgment against the accused from which he can appeal to this court; and if taken before sentence, the appeal will be dismissed.

Under its common-law powers the Superior Court may stay the execution of sentence and admit the accused to bail pending his appeal to this court. This power is, however, one that should be exercised with great caution, and rarely where the crime is serious.

Submitted on briefs Oct. 25th, 1898—decided March 9th, 1899.

INFORMATION for keeping a maternity hospital and lying-in-place without a license, brought to the Superior Court in New Haven County and tried to the jury before *Shumway, J.;* verdict of guilty, and appeal by the accused, before sentence, for alleged errors in the rulings and charge of the court. *Appeal dismissed.*

The statute (Public Acts of 1895, p. 496) places maternity

hospitals in each city or town under inspection of certain of the municipal authorities, and punishes any person keeping such hospital who has not previously obtained a license therefor from said authorities.

The complaint contained four counts, each charging a violation of the statute on a specified day between February 15th, 1898, and the date of the filing of the information. The jury returned a general verdict of "guilty."

The court ordered a stay of sentence until the next term of court, and until further order of court. A finding of facts was made by the court and the defendant appealed, alleging errors in the decision on a plea in bar which had been filed, and in the charge of the court.

*Jacob P. Goodhart* and *Robert C. Stoddard*, for the appellant (the accused).

*William H. Williams*, State's Attorney, and *Alfred N. Wheeler*, Assistant State's Attorney, for the appellee (the State).

HAMERSLEY, J. An appeal lies only from a judgment. It appears by the record that after conviction the court suspended sentence. In a criminal case sentence is the judgment against the accused; there can be no judgment against him until sentence is pronounced. After a verdict of "guilty" accepted by the court, the judgment may still be in favor of the accused, or, if against him, the sentence may be such that the judgment for that reason is erroneous. *Quintard* v. *Knoedler*, 53 Conn. 485, 487; 1 Chit. Cr. L. 663, 699; 2 Swift's Dig. 442.

In the case at bar the verdict was a general one on four counts. It may be claimed that the offense charged is a continuing one, so that if the trial court should render judgment for a punishment greater than could be imposed for a single offense, the judgment would be erroneous. If the present appeal were valid, there would either be no mode of presenting such a claim by proceedings in error, or we would have

two appeals from one judgment, in plain violation of the statute.

When this court was first organized, the only process provided for invoking its jurisdiction was the writ of error. This could only issue when there had been a final judgment. Afterwards a motion in error, instead of a writ of error, was also authorized. Public Acts of 1823, Chap. 1. This motion could be allowed only when "final judgment is rendered." The court early permitted the Superior Court, upon a case reserved, to take the advice of this court as to what judgment should be rendered; and such reservation has since been regulated by statute. A reservation can take place only before judgment. In 1807, by rule of court, a process in error by way of a motion for new trial, was devised. 3 Day, 28. In 1830 this motion was regulated by statute and made a matter of right. Public Acts of 1830, Chap. 1, § 145. The motion for a new trial might be allowed either before or after judgment. By our early practice it did not suspend judgment, but judgment was first rendered and then the motion allowed. Execution only was stayed. *Lockwood* v. *Jones*, 7 Conn. 431, 439; 4 Day, 120, 468. In *Tomlinson* v. *Derby*, 41 Conn. 268, 269, it was claimed that a judgment was necessary to lay the foundation of a motion for new trial; but we held that it was within the discretion of the court to allow the motion before or after judgment. In *State* v. *Hoyt*, 46 Conn. 330, 339, error was claimed in rendering judgment of death before passing on a motion for new trial; but we said: "By our practice the judgment is not necessarily suspended by the presentment of a motion for a new trial. Usually final judgment is rendered and afterwards the motion is allowed."

In 1882 the process by appeal was substituted for the process by motion in error and by new trial, serving the purposes of both; and was allowed only after judgment, from which alone the appeal could be taken. Public Acts of 1882, p. 144. The Act applied to both civil and criminal cases, and provided for a stay of execution pending the appeal. Before 1882 a writ of error and a motion in error could not be had before judgment, while a motion for a new trial might be al-

lowed before or after judgment, the general practice being to render judgment before the motion was allowed. Since 1882 an appeal, whether it serves the purpose of a motion for a new trial or of a motion in error, cannot be taken until after judgment, and if taken before must be dismissed. *White* v. *Howd,* 66 Conn. 264, 266; *Cothren* v. *Atwood,* 63 id. 576.

Counsel urge that trial courts have granted a stay of sentence pending a motion for a new trial. Trial courts had that power; but now an appeal to this court cannot be taken until after judgment, and without sentence there is no judgment.

It is further urged that since 1882 appeals in criminal cases have been taken, where the record of the court below, as in this case, shows a judgment in form, which is not one in fact, because the sentence which is the judgment has not been pronounced; and that such appeals have been considered by this court. This has happened. It is not always that the formal parts of a record as to which no question is raised, are examined very critically; and it is not surprising that when the trial court makes out a judgment, apparently regular in form when none has in fact been rendered, the defect should escape notice. But such error on the part of the trial court and such oversight on the part of this court does not alter the law.

It is further urged that unless an appeal can be taken before sentence there can be no stay of execution, and the court has no power to admit to bail. This is not true. Our statutes have always sought to provide the same process in error for civil and criminal cases. Acts and Laws, Ed. of 1784, p. 50; Rev. 1821, p. 174; Public Acts of 1830, Chap. 1, § 145; Public Acts of 1897, p. 892. And when proceedings in error are authorized after judgment, there is a stay of execution, either at discretion of the court, or by operation of law, or by express terms of statute. This stay may be waived and often is waived, either expressly or by implication. The power to admit to bail after conviction is not a statutory but a common-law power; the constitutional provision does not apply; bail is then a matter of absolute discretion, to be ex-

State *v.* Vaughan.

ercised by the court, however, with great caution, and rarely to be allowed when the crime is serious. But the *power* to admit to bail is inherent in the court so long as the prisoner is in its custody; that is, until he is taken in execution.

In England bail seems to have been originally allowed in all cases. The Statute of Westminster I. and the subsequent statutes restricting the power to take bail, did not apply to the justices of goal delivery, and *a fortiori* not to the Court of King's Bench. "Whoever is judge of the offense may bail the offender." Those convicted of felony may be bailed upon special circumstances. The Court of King's Bench, by the plenitude of its power, may admit to bail in all cases on consideration of the nature and circumstances of the case. 1 Bac. Abr. pp. 348, 349, 352; 2 Hale, P. C. 129; 2 Hawk. Pl. Cr. Chap. 15, §§ 65, 80; 1 Chit. Cr. L. 98. This power continues after conviction and after judgment, so long as the prisoner is in the custody of the court, but in most cases ceases when he is taken in execution; 1 Bac. Abr. p. 356; Cro. Car. 363; *Crosby's Case,* 3 Wils. 188, 199; *King* v. *Brooke,* 2 T. R. 190, 195. Such common-law powers of the Court of King's Bench belong to the Superior Court. In most of our States bail is largely controlled by statute. But when the courts exercise the common-law power, they may admit to bail, after conviction and after sentence, and until the accused is in execution. *Corbett* v. *The State,* 24 Ga. 391; *State* v. *Frink,* 1 Bay (S. Car.), 165; Whar. Cr. Pl. & Pr. § 89. English authorities in respect to bail after conviction, are somewhat barren, because until more recent years proceedings in error in criminal cases were rare. But it necessarily follows from the principle on which these authorities rest, that where, as in this State, a review of the judgment by a Court of Errors is a matter of right, there must be power in the courts to stay execution and, if the special circumstances of the case justify it, to admit to bail.

There is, therefore, no reason for suspending sentence until after a Court of Errors has passed upon the grounds for a new trial, even if such course were legal. On the contrary, the judge who presides at a trial ought to determine the sen-

tence; while it may be legally imposed by another judge, this should be done only in case of necessity.

Counsel on both sides have argued in support of the validity of this appeal. They desire to avoid the necessity of a reargument on the same facts and conditions, claiming that their views have been presented as fully as they desire to present them. We cannot decide a case which is not before us, nor can we say how we should decide this case if it should be properly brought before us; but perhaps, in view of the peculiar circumstances, we ought to yield so far to the wishes of counsel as to state that, upon an examination made before our attention was directed to the fatal defect in the appeal, we were not then convinced that there was sufficient ground for granting a new trial.

The appeal is dismissed.

In this opinion the other judges concurred.