His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
This is a suit to cancel an agreement and bond for deed, and for the recovery of money paid thereunder.
This suit was filed September 3rd, 1914. The plaintiff avers that on February 21st, 1910, the defendant agreed to sell to her and she agreed to buy from it two certain lots of ground for. the price of $500, payable $50 cash and the balance in monthly installments of $10 each, ending November 20th, 1913; that she has paid the full amount of said price; that the defendant tendered to her a title which she refused to accept for the reason that, according to the mortgage certificate dated November 20th, 1913, there was .an inscription of a notice of suit of the Leader Realty Company against the defendants herein in which said company set up certain claims as owner in and to the said two lots purchased by the plaintiff herein; that by reason of said litigation your petitioner is not bound to accept the title of said two lots, and she is entitled to have her agreement cancelled and her payments refunded to her with interest.
On October 15, the defendant prayed for oyer of the bond for deed, and certified that the exception was not taken for delay. On November 5, the plaintiff filed a sworn answer to the prayer for oyer in which she averred that she had lost or mislaid her bond for deed but that defendant had a duplicate of it, and that it was one of *112 the many other- printed forms used by defendants in all sales made by it.
Defendant failed to answer, whereupon default was taken against it on November 16th.
On November 18th, the defendant took a rule on plaintiff to show cause why the return to the prayer for oyer should not be declared insufficient and'the default set aside. It was fixed for the 27th of November and dismissed on December 4th. On December 5th, more than three months after the filing of the suit, the defendant filed an answer pleading a general denial and averring that it had a valid title to the property sold to plaintiff; that she had corporeal possession of the property and was in undisturbed possession of the same, and that a suit for the recovery of the price could be entertained only when eviction had taken place.
The case was fixed for trial for May 31st, 1915, when in the absence of defendant or its counsel, the case was tried. The plaintiff testified that she was not and never had been in possession of the lots and that they were vacant and unimproved.
Judgment was rendered on June 14th, as prayed for, in favor of plaintiff and against defendant, and was signed on June 18th, 1915. On the same day, but after the signature of the judgment, the defendant moved for a new trial, which, of course, was denied as coming too late.
Defendant has appealed.
On the first trial of this cause in this Court, w-e decided that the absence from 'Court during a session of the Legislature of an attorney at law who was a member of said Legislature did not prohibit the trial of a case in which he was engaged as an attorney, but only constituted such position a peremptory cause or ground for a continuance, *113 which, had to be applied for and urged before the trial, and which could be waived by the party in whose favor it was established. In support of its opinion this Court quoted several authorities.
Our consideration for the Honorable Senator and prominent attorney for the defendant impelled us to grant the rehearing which he applied for. He rests his application mainly on the alleged error of the District Judge to have entered on the trial of the cause while he was absent from ’Court during a session of the Legislature, and upon our own error in maintaining the action of the Judge. A reexamination of the case has failed to convince us that we should reverse our original decree.
The first act upon the subject was passed in 1858 under No. 3, page 6, and reads as follows:
“That whenever any attorney-at-law shall be employed in the service of the State as a member of the General Assembly, his absence from Court during the session of the General Assembly shall constitute a peremptory cause for the continuance, on the part of his client, of any case wherein he is employed as leading counsel; and such case shall lie over until the following term; provided, however, that this suit shall not apply to cases in the Supreme Court. ’ ’
The Revised Statutes of 1870 reproduced this act a» Section 126 in ipsissimis verbis. But the Code of Practice, Article 466, which is “the law governing” struck out the words “on the part of his client.”
In interpreting this Statute the Court said in Woolbridge vs. Rickert, 33 A., 234 (236):
“While Lie cause of continuance is peremptory, it may be waived, in this case the consent to proceed *114 with, the trial without filing a bill of exceptions, was a clear and unambiguous waiver and submission by the defendant.”
In defendant’s motion for a.new trial, we read the following statement:
‘ ‘ On motion of Chas. Louque, attorney for the defendant, and on suggesting to the Court that this case was tried in the absence of defendant’s counsel during the extra session of the Legislature, of which your mover is a member; that counsel wia,s given to understand that the testimony and note of evidence taken in the trial would be submitted to counsel before judgment was rendered so that defendant’s counsel could decide whether he should or not offer evidence on behalf of defendant; that no such evidence was submitted to counsel — It is ordered, etc. ’ ’
In defendant’s original brief we read on page 3:
‘ ‘ The record does not show it, but the counsel for defendant who happened to be in his office during a recess of the General Assembly was notified to appear in Court. Not being able to make an instantaneous appearance, when he arrived in Court he found that the case had been tried in his absence. He was informed by the Judge that he would be given an opportunity to offer his evidence, but judgment was rendered before such opportunity had been had.”
It thus appears that the case was fixed for trial for May 31; that defendant’s counsel was present in the City, that he was notified to appear in Court; that he was late in getting there; and that when he got there he found that his case had been tried in his absence. He did not then and there claim his right, to have the trial of the case continued on the ground that he was a Senator and that the *115 Legislature was .in session. He remained satisfied with the assurance of the Judge that he would be given an. opportunity to offer his evidence. The case remained in abeyance until June 14th, .when in the absence of any move on the part of defendant, judgment was entered.
The Legislature adjourned on June 15 and the judgment was signed only on the 18th.
It is evident that when counsel for defendant was notified that the case was fixed, that he did not intend to avail himself of his right to continue the case inasmuch as be betook himself to Court as soon as he could to try the case; when he arrived in Court and was informed that the case had been tried he again refrained from claiming his right to a continuance and rested content with the opportunity afforded him by the Judge of presenting his case later. This was clearly an acquiescence in the trial. If he had intended to rely on his right to a continuance he should have insisted upon it then and there. Not having done so, it was, at any time thereafter, too late ana he must forever keep his peace. His whole conduct shows a waiver of the right conferred by law, upon which the-plaintiff acted. He could not take the chances of a judgment in his favor and because the case went against him, a.sk that it be reopened.
15 A., 220.
A prisoner cannot take the chances of a veidict in his favor, and, when rendered against him, successfully attack it for facts known to him before the trial.
1 H. D., p. 398, No. 15.
Defendant’s complaint-is rather that he was not given an opportunity to- offer his evidence, than that the case was tried without him.
Opinion and decree, February 28th, 1916.
Writ denied, April 5th, 1916.
Act 196 of 1912, page 283, is an exact copy, of the Act of 1858 with the addition of the words “including any member of a law firm.” It is, strangely enough, entitled An Act to Amend and Re-enact Section 126 of the Revised Statutes. This Section had been superseded by Article C. P., 466.
On the merits, the defendant complains that the plaintiff w-as allowed to testify to the agreement to sell real estate. Plaintiff had testified that she had lost her written contract. In such a case Article 2279 (2258) of the Code provides that “evidence may be given of its contents.”
Defendant also complains that the loss of the document had not been advertised as required by Article C. C., 2280 (2259).
A lost instrument must be advertised when plaintiff demands its enforcement but not when it is offered in evidence to establish a collateral fact.
41 A., 683; 42 A., 640 (642); 106 La., 100 (109).
It is, therefore, ordered that our original decree be reinstated and made the final judgment of the Court.