**UNITED STATES of America,**
**Appellee,**

v.

**Viola CHOW, a/k/a Cheh Cheng Yang Chow and Richard Chu, a/k/a Chu Yen Yuan Richard, Appellants.**

**Nos. 546, 547, Dockets 32321, 32333.**

United States Court of Appeals
Second Circuit.

Argued June 20, 1968.

Decided July 22, 1968.

Allen S. Stim, New York City, for appellant, Viola Chow.

Paul K. Rooney, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, Roger J. Hawke, Asst. U. S. Atty., on brief), for appellee.

Anthony F. Marra, New York City (The Legal Aid Society, Phylis Skloot Bamberger, New York City, of counsel), submitted brief for appellant, Richard Chu.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN, District Judge.*

PER CURIAM:

Appellant Richard Chu was convicted, after trial before Judge Croake and a jury in the District Court for the Southern District of New York, on three substantive counts and a conspiracy count relating to transactions in opium violating 21 U.S.C. §§ 173, 174; appellant Viola Chow was convicted of the two substantive violations also charged against her and on the conspiracy count. Each was given concurrent sentences of five years, the minimum permissible under the Narcotic Control Act of 1956, 70 Stat. 567.

Chu's appeal raises three sets of challenges as to the judge's charge, the first two of which were not made the subject of objection in the trial court. First Chu complains that the judge did not define constructive possession and did not make sufficiently clear that if knowledge of illegal importation was to be predicated on the statutory permitted inference, the determination must be made separately for each defendant. As to the latter, we are satisfied that he did; even if we were to consider the former point despite the absence of an objection that would doubtless have led to a curing

of the deficiency, we would find any error to have been harmless. Chu was proved to have had actual possession of the opium with which the first and third substantive counts were concerned and the sentences on all counts were concurrent. Secondly, Chu asserts that the charge on the conspiracy count failed to make clear that knowledge of illegal importation had to be established, as required by United States v. Massiah, 307 F.2d 62, 69–71 (2 Cir. 1963), rev'd on other grounds, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). We think the charge on this point, which incorporated the statutory definition of the offense, was sufficient in the absence of objection; in any event, apart from the concurrency of the sentences on the conspiracy count with those on the substantive counts, any error was cured by the verdicts finding defendants guilty on the latter counts, where the need of knowledge of illegal importation had been clearly charged. As to this we adopt Judge Gignoux' excellent discussion in United States v. Baratta, 397 F.2d 215 (2 Cir. 1968). The third complaint concerns the judge's saying, in the course of an otherwise correct charge on reasonable doubt, that defendants should be acquitted if the jurors found "that the evidence is as consistent with innocence as it is with guilt." This surely would have been wrong if it had stood alone but, as indicated, it did not. Indeed, when the error was called to the judge's attention, he speedily corrected it.

Chow's main point concerns an episode immediately after her arrest. In a room at the Roger Smith Hotel, she had withdrawn from a suitcase under the bed and had exhibited to Narcotics Agent Feldman, cast in the role of a buyer, 40 condoms containing a black sticky material which a field test indicated to be opium. She proposed they go down to the lobby for Feldman to pay. As soon as they entered the hallway, Feldman disclosed his identity, placed her under arrest, and said "Viola, you have got more

* Of the Southern District of New York, sitting by designation.

**598**

narcotics in that room; I just saw them." She answered "You just saw them?", and then, "Go back and get them," and gave him the key. Feldman did just that, and withdrew from underneath the bed a suitcase containing some 15 pounds of opium.

We are told that receipt of Feldman's testimony violated the rule of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); that the opium found in the hotel room should have been excluded as the result of an unlawful search; and that we should reverse for these supposed "plain errors" despite the lack of objection, and as to the narcotics, of a timely motion to suppress. Although the want of a motion or objection would alone justify affirmance, United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966); United States v. Nicholas, 319 F.2d 697 (2 Cir.), cert. denied, 375 U.S. 933, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963), we discern no violation of Chow's rights. Feldman was not interrogating her, and administration of the elaborate *Miranda* warnings would have been wholly inappropriate. In the colloquial phrase, he was not asking her but telling her. Apart from any question whether the search was not reasonably incident to a lawful arrest, there was sufficient evidence of consent. United States v. Gorman, 355 F.2d 151, 158–159 (2 Cir. 1965), cert. denied, 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed.2d 1027 (1966). The circumstances are so different from those in Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), that elaboration would be supererogatory. Chow's other evidentiary objections have too little merit to warrant discussion.

Finally we are wholly unpersuaded by Chow's claim that the five-year minimum sentence mandated by 21 U.S.C. § 174 is a Cruel and Unusual Punishment, prohibited by the Eighth Amendment, when applied to the mother of nine-year-old twins dependent on her for support, who had no previous criminal record. Imprisonment, even long imprisonment, has not been regarded as a cruel and unusual punishment, see Smith v. United States, 273 F.2d 462, 467–468 (10 Cir. 1959) (en banc), except in the special circumstances of Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), recently explicated in Powell v. State of Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968). Whatever may be thought as to the desirability of mandatory minimum terms, they are far from "unusual" in this country's penal law. See American Bar Ass'n, Standards Relating to Sentencing Alternatives and Procedures 145–46 (Tent.Draft 1967). However regrettable it may be that a five-year sentence, by no means excessive in light of Chow's significant participation in a large scale narcotics conspiracy, may cause hardship to her young sons, this results from serious criminal conduct on her part and a choice with respect to punishment that Congress had power to make.

Affirmed.