## STATE OF CONNECTICUT *v.* CARY DARDEN III

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 2—decision released September 21, 1976

*Joseph M. Brophy,* special public defender, for the appellant (defendant).

*Eugene J. Callahan,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

LONGO, J. The defendant was found guilty by a jury of the crime of robbery in the second degree, in violation of General Statutes § 53a-135 (a) (2). He was sentenced to a term of not less than five nor more than ten years' imprisonment, and the sole issue presented on appeal is the constitutionality of General Statutes § 53a-35 (c) (2) (B),[1] which requires that persons convicted of second degree robbery be sentenced to a five-year minimum term which cannot be suspended or reduced. The defendant argues that this statute is an impermissible usurpation of the judicial power by the legislature, in violation of the separation of powers provisions of the federal and state constitutions. U. S. Const., arts. II, III, IV, V; Conn. Const., arts. II, V. We find no such constitutional infirmity.

It is well settled that a party who challenges a statute on constitutional grounds has no easy burden, for every intendment will be made in favor of constitutionality, and invalidity must be established beyond a reasonable doubt. *Lublin* v. *Brown,* 168 Conn. 212, 219, 362 A.2d 884; *Kellems* v. *Brown,* 163 Conn. 478, 486, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678; *Adams* v. *Rubinow,* 157 Conn. 150, 152–53, 251 A.2d 49; *Patterson* v. *Dempsey,* 152 Conn. 431, 444, 207 A.2d 739; *Norwalk Street Ry. Co.'s Appeal,* 69 Conn. 576, 594, 37 A. 1080.

In assessing the constitutionality of the challenged statute, the following observation by Mr. Justice Frankfurter of the United States Supreme

[1] General Statutes § 53a-35 (c) (2) (B) entitled, "Imprisonment for felony: Indeterminate; maximum and minimum sentences," provides in pertinent part: "[W]hen a person is found guilty under section . . . 53a-135 (a) (2), the minimum term shall be not less than five years and such sentence shall not be suspended or reduced."

Court is cogent: "Whatever views may be entertained regarding severity of punishment, whether one believes in its efficacy or its futility, . . . these are peculiarly questions of legislative policy." *Gore* v. *United States,* 357 U.S. 386, 393, 78 S. Ct. 1280, 2 L. Ed. 2d 1405. A statute prescribing punishment for a crime is "subject to judicial veto only when the legislative judgment oversteps constitutional bounds." *Warden* v. *Marrero,* 417 U.S. 653, 664, 94 S. Ct. 2532, 41 L. Ed. 2d 383; cf. *Bell* v. *United States,* 349 U.S. 81, 82, 75 S. Ct. 620, 99 L. Ed. 905.[2]

A statute can overstep constitutional bounds if it represents an effort by the legislature to exercise a power which lies exclusively under the control of the courts; *State* v. *Clemente,* 166 Conn. 501, 507, 510–11, 353 A.2d 723; *Heiberger* v. *Clark,* 148 Conn. 177, 169 A.2d 652; *State Bar Assn.* v. *Connecticut Bank & Trust Co.,* 145 Conn. 222, 140 A.2d 863; or if it establishes a significant interference with the orderly conduct of the Superior Court's judicial functions. *Adams* v. *Rubinow,* supra, 160–61. Neither situation, however, is present here.

It is rudimentary that the three branches of government do not exist in discrete, airtight compartments, and that the rule of separation of governmental powers cannot always be rigidly applied. *Adams* v. *Rubinow,* supra, 155. In this context it must be remembered that the constitution assigns to the legislature the power to enact laws defining crimes and fixing the degree and method of punish-

---

[2] Such a judicial invalidation is most likely to occur if the challenged statute is cruel and unusual punishment, in violation of the eighth amendment to the United States constitution. See, e.g., *Weems* v. *United States,* 217 U.S. 349, 30 S. Ct. 544, 54 L. Ed. 793; *Gallego* v. *United States,* 276 F.2d 914, 918 (9th Cir.). No such claim is made in the present case.

ment and to the judiciary the power to try offenses under these laws and impose punishment within the limits and according to the methods therein provided. See *Ex Parte United States,* 242 U.S. 27, 41–42, 37 S. Ct. 72, 61 L. Ed. 129; cf. *Wagner* v. *Holmes,* 361 F. Sup. 895, 896 (E.D. Ky.).

In other words, the judiciary's power to impose a particular sentence is defined by the legislature, and there is no constitutional requirement that courts be given discretion in imposing a sentence. See, e.g., *Dodd* v. *Martin,* 248 N.Y. 394, 398–99, 162 N.E. 293; *People* v. *Broadie,* 45 App. Div. 2d 649, 360 N.Y.S.2d 906. In addition, the legislature may impose mandatory minimum terms of imprisonment for certain crimes, and may preclude the probation or suspension of a sentence. See, e.g., *Gallego* v. *United States,* 276 F.2d 914 (9th Cir.); *Bel* v. *Chernoff,* 390 F. Sup. 1256, 1259–60 (D. Mass.).

The challenged statute is a valid exercise of the legislature's police power, which clearly encompasses the preservation of order and the prevention of crimes and misdemeanors. "To be constitutionally valid, a regulation made under the police power must have a reasonable relation to the public health, safety, morality and welfare." *State* v. *Gordon,* 143 Conn. 698, 703, 125 A.2d 477; see also *Calve Bros. Co.* v. *Norwalk,* 143 Conn. 609, 616, 124 A.2d 881; *Amsel* v. *Brooks,* 141 Conn. 288, 294, 106 A.2d 152, dismissed, 348 U.S. 880, 75 S. Ct. 125, 99 L. Ed. 693.

It is clear that General Statutes § 53a-35 (c) (2) (B) passes constitutional muster under this standard. There is a rational relationship between the protection of public safety and the imposition of a nonsuspendable sentence for the violent crime

of second degree robbery, an essential element of which is the threatened use of a deadly weapon or dangerous instrument. General Statutes § 53a-135 (a) (2). A statute establishing a mandatory jail sentence not only punishes perpetrators of violent crimes but it may also have a deterrent effect, which is a valid social purpose properly within the legislature's police power. *State* v. *Gordon,* supra.

Other state courts which have considered the question have upheld mandatory sentences. See, e.g., *People* v. *Broadie,* supra; see also *People* v. *Alotis,* 60 Cal. 2d 698, 388 P.2d 675; *People* v. *Landers,* 329 Ill. 453, 160 N.E. 836; *State* v. *Johnson,* 42 N.J. 146, 199 A.2d 809; *State ex rel. Smith* v. *Blackwell,* 500 S.W.2d 97 (Tex. Crim. App.). Federal courts, too, have approved the imposition of mandatory sentences of comparable duration to that imposed in the present case. See, e.g., *United States* v. *Del Toro,* 426 F.2d 181, 184 (5th Cir.); *United States* v. *Chow,* 398 F.2d 596, 598 (2d Cir.).

For these reasons we are unconvinced that the legislature has unduly impinged upon the powers of the judiciary. The defendant relies heavily upon three California Supreme Court cases in which that court invalidated statutes requiring the trial court to gain approval of the district attorney before it could (1) strike prior convictions of persons who would otherwise be sentenced as second offenders; *People* v. *Tenorio,* 3 Cal. 3d 89, 473 P.2d 993; (2) determine that an offense would be tried as a misdemeanor instead of a felony; *Esteybar* v. *Municipal Court,* 5 Cal. 3d 119, 485 P.2d 1140; and (3) sentence a person with prior convictions to a drug rehabilitation program; *People* v. *Navarro,* 7 Cal. 3d 248, 497 P.2d 481.

We find these authorities unpersuasive when applied to the present case. The California statutes contained a broad grant of discretion to the trial court, but the exercise of that discretion was conditioned upon the prosecutor's approval. Plainly, statutes of that sort are distinct from a statute imposing a mandatory sentence because, in the latter instance, the broad grant of discretion was never given to the judiciary by the legislature. If the statute involved here required the trial court to gain the state's attorney's approval before imposing a certain sentence, then this line of cases might be persuasive, but we cannot find them controlling in the actual circumstances of the present case.

The defendant also argues that a mandatory sentencing statute unconstitutionally delegates judicial power to the state's attorney because the latter could choose to prosecute for a crime which carries a mandatory sentence instead of for a crime which carries no such penalty.

This argument is unpersuasive and, when applied to the present facts, is at best hypothetical. A state's attorney has great responsibility and broad discretion with respect to selecting an appropriate charge. That power, however, is limited in the usual and lawful manner by the facts which the prosecutor may be reasonably expected to prove at trial. *People* v. *Eboli,* 34 N.Y.2d 281, 313 N.E.2d 746. There is no claim in the present case that the state's attorney abused his discretion, and in fact the defendant was found guilty as charged in the information. Nor has the defendant challenged the sufficiency of the evidence to sustain his conviction. Under the circumstances, we cannot find a deprivation of constitutional rights. Parenthetically, had the jury been unpersuaded that the

defendant was guilty of second degree robbery, they could have returned a verdict of third degree robbery; General Statutes § 53a-136; a lesser included offense which carries no mandatory minimum sentence. General Statutes § 53a-35 (c) (2).

Accordingly, we conclude that General Statutes § 53a-35 (c) (2) (B) is an appropriate exercise of the legislature's police power and is not an unconstitutional violation of the separation of powers doctrine.

There is no error.

In this opinion the other judges concurred.