[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a Petition for Habeas Corpus in which the petitioner has filed a motion requesting that the Habeas Court admit him to bail. On January 15, 1988, the petitioner was convicted of the crime of Murder for which he received a sentence of confinement of life. A brief procedural history of this matter may be helpful.
The petitioner's original Petition for Writ of Habeas Corpus was filed with this court on June 19, 1991. In this original document the petitioner claimed that his appellate counsel did not properly represent him. Because of the nature of the petitioner's claim the court, on January 17, 1992, appointed counsel, the public defender's office, to represent him in this action and on January 23, 1992 Attorney Temmy Ann Pieszak appeared for the petitioner. Subsequently, on August 10, 1993, the court appointed Attorney David Dee as a special public defender in this action pursuant to a motion filed by counsel from the Office of the Chief Public Defender representing that a special public defender would be required in this matter because of the potential for a conflict of interest in the public defender's office.
On March 18, 1994 the court issued a scheduling order that the petitioner file an Amended Petition by June 30, 1994. In the interim, on April 26, 1994 the court granted a motion filed by Attorney Dee to withdraw as petitioner's counsel. On the same date CT Page 10849 the court reiterated it's previously-made scheduling order that the petitioner file an Amended Petition by June 30, 1994. On May 3, 1994 the court denied the petitioner's motion to have another counsel appointed to represent him on the basis that he had already waived his right to counsel in this matter. On May 25, 1994 the court denied the petitioner's request for stand-by or assistant counsel on the basis that the petitioner had already waived his right to the counsel the court had appointed to represent him. Subsequently, the court granted the petitioner's Motion for Extension of Time dated May 30, 1994 giving him an additional one hundred and twenty days in which to file an Amended Petition with the court. On July 28, 1995 the respondent herein filed a Motion to Dismiss this petition on the basis that the petitioner has not prosecuted his claim with diligence. At the core of the respondent's motion was his claim that the petitioner failed to file an Amended Petition in the time ordered by the court. In response the petitioner on August 11, 1995 moved for an extension of time, a further period of one hundred and twenty days, in which to file an Amended Petition. By order dated September 6, 1995 the court granted the petitioner's request extending the time in which he is ordered to file an Amended Petition to January 31, 1996 with a further notation that if the petitioner does not file an Amended Petition or a Motion for Extension of Time prior to that date the matter will be dismissed.
Having reviewed the procedural history of this matter, the court turns to the petitioner's application to be admitted to bail. As a general statement of law, the petitioner has no right, based on either the United States Constitution or the Constitution of the State of Connecticut to bail after conviction. cf. United States v.Salerno, 481 U.S. 739 (1987), Roberson v. State, 501 F.2d 305, (2nd Cir. 1974), Carino v. Watson, 171 Conn. 366, (1976). Nor does the petitioner have a statutory right to bail. cf. Connecticut General Statutes § 54-64a.
Having stated that the petitioner has no absolute right to be admitted to bail does not, however, end the court's consideration. The petitioner argues that the court, nevertheless, has the power to order bail. "The power to admit to bail after conviction is not a statutory but a common-law power; the constitutional provision does not apply; bail is then a matter of absolute discretion, to be exercised by the court, however, with great caution, and rarely to be allowed when the crime is serious." Carino, supra, citing Statev. Vaughan, 71 Conn. 457. CT Page 10850
Having reviewed the record in this matter, and in light of the seriousness of the offense for which the petitioner has been convicted and sentenced, the petitioner's motion for bail is denied.
Bishop, J.