## STATE OF CONNECTICUT *v.* TODD C. MORRISON
### (13566)

O'Connell, Foti and Lavery, Js.

Argued September 19—decision released October 31, 1995

*Kent Drager*, assistant public defender, for the appellant (defendant).

*John A. East*, deputy assistant state's attorney, with whom was *John T. Redway*, state's attorney, and *Russell C. Zentner*, assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the refusal of the trial court to consider the merits of his motion for sentence reduction. The sole issue is whether the doctrine of separation of powers mandates that a Practice Book rule prevail over a conflicting statute. We affirm the judgment of the trial court.

Prior to 1982, General Statutes § 53a-39 and Practice Book § 934 both provided that a sentencing court had the discretion to reduce *any* definite sentence. Effective June 8, 1982, the legislature amended § 53a-39 to limit the sentencing court's power to reduce only definite

sentences of "three years or less."[1] Practice Book § 934, however, was not amended to mirror the statute until October 1, 1983, thereby leaving a period of time during which the statute and the rule of practice conflicted. During this time, Practice Book § 934 purported to permit the sentencing judge to reduce any definite sentence while General Statutes § 53a-39 empowered the judge to reduce only those definite sentences of three years or less.

The defendant pleaded guilty to two offenses[2] committed during the period of time when the statute and rule of practice conflicted. He was subsequently given a total effective sentence of fifty years. On February 15, 1994, the defendant filed a motion seeking a reduction of his sentence pursuant to Practice Book § 934, arguing that the court had the power to reduce his fifty year sentence. The trial court denied the motion on the ground that General Statutes § 53a-39, not Practice Book § 934, was controlling, and thus the court lacked jurisdiction to modify the sentence.

The defendant now challenges General Statutes § 53a-39 on the ground that it is an impermissible usurpation of the powers of the judicial branch of government by the legislature.

It is axiomatic that every statute is presumed to be constitutional. *Eielson* v. *Parker*, 179 Conn. 552, 557, 427 A.2d 814 (1980). A defendant who challenges a statute as a violation of the constitutional doctrine of separation of powers bears the heavy burden of establishing the statute's invalidity beyond a reasonable doubt. *Adams* v. *Rubinow*, 157 Conn. 150, 152, 251

---

[1] The shift from indeterminate to determinate sentencing prompted the amendment of General Statutes § 53a-39. *State* v. *Millhouse*, 3 Conn. App. 497, 499, 490 A.2d 517 (1985).

[2] The offenses to which the defendant pleaded guilty were one count of murder in violation of General Statutes § 53a-54a and one count of kidnapping in violation of General Statutes § 53a-92.

A.2d 49 (1968). In order to sustain this burden, the defendant must negate " 'every conceivable basis which might support' " the statute in question. *Fishman* v. *Middlesex Mutual Assurance Co.*, 4 Conn. App. 339, 353, 494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57 (1985).

The constitution assigns to the legislature the power to enact laws defining crimes and fixing the degree and method of punishment. *State* v. *Darden*, 171 Conn. 677, 679–80, 372 A.2d 99 (1976). Prescribing punishments for crimes clearly fits into this category and is therefore a function of the legislature. "Whatever views may be entertained regarding the severity of punishment whether one believes in its efficacy or its futility . . . these are peculiarly questions of legislative policy." *Gore* v. *United States*, 357 U.S. 386, 393, 78 S. Ct. 1280, 2 L. Ed. 2d 1405 (1958); *State* v. *Darden*, supra, 679. The judiciary's power to impose specific types of sentences is therefore defined by the legislature. No constitutional requirement exists that gives courts discretion in imposing sentence. *State* v. *Darden*, supra, 680.

A court similarly has no inherent power to modify a lawful sentence that a convicted defendant has begun serving. *State* v. *Walzer*, 208 Conn. 420, 424–30, 545 A.2d 559 (1988). "The jurisdiction of the sentencing court terminates when the sentence is put into effect, and that court may no longer take any action affecting a sentence unless it has been expressly authorized to act" by the legislature. *State* v. *Tuszynski*, 23 Conn. App. 201, 206, 579 A.2d 1100 (1990).

In the present case, General Statutes § 53a-39 does not afford the defendant a remedy since it authorizes the sentencing court to reduce only those definite sentences consisting of three years or less. Although Practice Book § 934 appeared to empower the sentencing court to reduce sentences in excess of three years, we

cannot construe that rule of practice to confer jurisdiction on the sentencing court. General Statutes § 51-14 (a); *State* v. *Carey*, 222 Conn. 299, 307, 610 A.2d 1147 (1992). The judiciary simply cannot confer jurisdiction on itself through its own rule-making power. *Simms* v. *Warden*, 229 Conn. 178, 184, 640 A.2d 601 (1994). Accordingly, General Statutes § 53a-39 does not violate the separation of powers doctrine and takes precedence over Practice Book § 934. The trial court properly denied the defendant's motion to reduce his fifty year sentence.

The judgment is affirmed.

In this opinion the other judges concurred.