[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
(re order of Appellate Court, dated September 6, 2001)
 Statement of Facts
On August 9, 2001, the court imposed sentence upon the above-named defendant. Sentencing followed from a jury verdict on May 23, 2001, convicting the defendant of both counts of an information charging Burglary in the First Degree (Sec. 53a-101 (a)(2), Conn. Gen. Stat.) and Sexual Assault in the First Degree (Sec. 53a-70 (a)(1), Conn. Gen. Stat.).
Following imposition of sentence, which calls for a term of six years confinement, the State moved that the defendant be denied bail pending his planned appeal and that he be taken into immediate custody. It was the State's position that, because the defendant was convicted of crimes involving the use, attempted use, or threatened use of physical force against his victim, he was not eligible for release pending final adjudication of the appeal. The State relied on the language of Section CT Page 13468-jn54-63f of the General Statutes, more particularly, a recent amendment thereto (P.A. 00-200(5)) which became effective October 1, 2000.
During the pendency of the case, including trial and continuing to the date of sentencing, the defendant, a resident of the Town of Farmington, was at liberty on bond. During that period he fulfilled his court commitments and was in attendance at all times required.
The State's attorney, in arguing that the defendant be denied bond, made no claim, other than that sentence had been imposed, that the defendant posed a threat to flee the jurisdiction or a threat to the safety and well-being of the victim or society.
Counsel for the defendant objected to the State's motion that the defendant be taken into custody and submitted a memorandum of law in support of the position that the defendant be allowed his release on bond.
The court denied the State's motion and ruled that the defendant could be released on bond in the amount of $250,000, pending final adjudication of his appeal of the trial court judgment. The court ordered as a condition of his release that the defendant have no direct or indirect contact with the victim or her family. Thereafter, the defendant posted the required bail bond and secured his release.
 Basis of Ruling
The recent amendment to Sec. 54-63f of the General Statutes (P.A. 00-200(5)) provides in pertinent part as follows:
 "[A] person who has been convicted of any offense, except . . . any offense involving the use, attempted use or threatened use of physical force against another person, and is either awaiting sentence or has given oral or written notice of such person's intention to appeal . . . may be released pending final disposition of the case, unless the court finds custody to be necessary to provide reasonable assurance of such person's appearance in court. . . ."
The amendment adds a wide variety of unspecified crimes in which physical force is used or attempted or threatened to be used to a list of four separate and distinct crimes of murder.[1] The effect thereof, as in CT Page 13468-jo the case of a murder conviction, is to prohibit the trial court from releasing from custody any person convicted of an offense generally described in the amendment prior to final disposition of that person's case.
The statute, as amended, is in direct contravention of a Connecticut rule of criminal procedure which provides as follows:
 "A person who has been convicted of any offense and who either is awaiting sentence or has given oral or written notice of his or her intention to appeal or file a petition for certification or a writ of certiorari may be released, subject to General Statutes § 54-95, pending final disposition of his or her case upon sentence or appeal, unless the judicial authority finds custody to be necessary to provide reasonable assurance of the person's appearance in court. . . ."
Conn. Practice Book, Sec. 43-2 (a).
Apart from the above, the Connecticut Supreme Court has recognized for more than a century in its decisions that "the power to admit to bail after conviction is not a statutory but a common-law power"; that "ball is then a matter of absolute discretion"; and that "the power to admit to bail is inherent in the court. . . ." State v. Vaughan, 71 Conn. 457,460-61 (1899); see also, Carino v. Watson, 171 Conn. 366, (1976): "Speaking through Wheeler, C.J., this court quoted with approval [Winnick v. Reilly, 100 Conn. at p. 297] from the opinion of Hamersley, J., in State v. Vaughan [citation omitted]. . . . It is pertinent to note that as recently as our decision in Liistro v. Robinson, 170 Conn. 116, 123, . . . this court again cited the holding in State v. Vaughan . . . to the effect that `the Superior Court possesses the common-law powers formerly exercised by the Court of King's Bench to admit to bail in all cases on consideration of the nature and circumstances of the case.'" (p. 368-70).
Unlike the recent amendment (P.A. 00-200(5)), Sec. 54-63f, as originally enacted[2], was entirely consistent with the common law in granting to the court unfettered discretion in the matter of post-conviction bail release. State v. Chisolm, 29 Conn. Sup. 339, 341
(1971).
Article 2 of the Connecticut Constitution, as amended by Article 18, CT Page 13468-jp divides the powers of government into three distinct departments, with each empowered with its own separate magistry. It is the conclusion of the court that the legislature, in its enactment of Public Act 00-200 (5), has unconstitutionally intruded upon the powers of the judicial magistry. As Vaughan tells us, the power to admit to bail falls within the absolute discretionary authority of the court. In the instant context the Act, if afforded validity, abrogates such authority.
In order to evaluate the constitutionality of the Act based upon a violation of the separation of powers doctrine, a two-part inquiry is required:
 "A statute will be held unconstitutional on those grounds if: (1) it governs subject matter that not only falls within the judicial power, but also lies exclusively within judicial control; or (2) it significantly interferes with the orderly functioning of the Superior Court's judicial role. . . ."
 State v. Angel C., 245 Conn. 93, 131 (1998).
It is the court's finding, in accordance with principles, as aforesaid, enunciated in Vaughan, that the matter of post-conviction bail lies exclusively within judicial control. The court finds further that the Act does not merely define the contours of the court's discretion, but, rather, extinguishes such discretion, thereby significantly interfering with the orderly functioning of the judicial role. See Statev. Clemente, 166 Conn. 501, 515-16 (1974).
In conclusion, it is the ruling of the court that Section 54-63f of the General Statutes, more particularly as amended by Section 5 of Public Act 00-200, is unconstitutional, and the court in the instant context is not bound by its terms. Further, the court finds that custody of the defendant, reasonably to assure his appearance at any future assignment of the case, is unnecessary. Accordingly, the court admitted the defendant to bail.
Gaffney, J.T.R.