[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET BOND PENDING APPEAL
 I. Background
The defendant, Gaylord Salters, has filed the present motion requesting that a bond be set pending resolution of his appeal. Salters was convicted after a jury trial of assault on a correctional officer in violation of General Statutes § 53a-167c. He has been sentenced to a term of imprisonment and has filed an appeal that is pending before the Connecticut Appellate Court (Appellate Court No. 22101). The state objects to the setting of an appeal bond asserting that General Statutes § 54-63f precludes post-conviction bail under the circumstances of this case.[1] The defendant argues that (1) enforcement of § 54-63f
violates the constitutional principle of separation of powers; and (2) the court's inherent common law authority regarding bail permits the setting of an appeal bond in this case. See State v. Vaughan, 71 Conn. 457
(1899). For the reasons set forth below, the motion is denied.
 II. Discussion
It is clear from the record in this case that the offense of conviction involved the use, attempted use or threatened use of physical force against another person. Salters was convicted of causing physical injury to a correctional officer. It is also clear that by the explicit language of § 54-63f, the legislature has precluded post-conviction bail for this type of case. The defendant does not dispute this statutory preclusion but rather asserts that by enacting § 54-63f, the legislature violated the doctrine of separation of powers and unconstitutionally restricted the judiciary's inherent power regarding bail.
The defendant's challenge must be considered in the well-established legal context that presumes every statute to be constitutional. EielsonCT Page 14635v. Parker, 179 Conn. 552, 557, 427 A.2d 814 (1980). "A defendant who challenges a statute as a violation of the constitutional doctrine of separation of powers bears the heavy burden of establishing the statute's invalidity beyond a reasonable doubt." (Citation omitted.) State v.Morrison, 39 Conn. App. 632, 633, 665 A.2d 1372 (1995). "In order to sustain this burden, the defendant must negate every conceivable basis which might support the statute in question. (Citation and internal quotation marks omitted.) Id., 634.
Our Supreme Court, recognizing that the powers of the three branches of government inevitably overlap, has consistently held that the separation of powers doctrine cannot be applied rigidly. State v. Campbell,224 Conn. 168, 177, 614 A.2d 889 (1992), cert. denied, 508 U.S. 919
(1993). "A statute will be held unconstitutional on [separation of powers] grounds if: (1) it governs subject matter that not only falls within the judicial power, but also lies exclusively within judicial control; or (2) it significantly interferes with the orderly functioning of the Superior Court's judicial role." Id., 177-78.
Applying this two-pronged test to § 54-63f, the court finds that it does not violate separation of powers principles. First, the subject matter of postconviction bail does not lie exclusively within judicial control. Like many aspects of criminal procedure, the legislature exercises overlapping control with the courts on the matter of bail. Our Supreme Court has refused to find constitutional impropriety in a statute simply because it affects the judicial function. State v. Campbell, supra, 224 Conn. 177. To the contrary, the Court has consistently acknowledged the legislature's role in cases interpreting and applying bail statutes. See e.g., State v. Menillo, 159 Conn. 264, 267 (1970) (interpreting General Statutes § 54-53 concerning bail in capital cases); State v. Ayala, 222 Conn. 331, 342-46 (1992), (interpreting General Statutes § 54-64f(c) concerning bail revocation).
As to the second prong of the test, the defendant has not established that § 54-64f significantly interferes with the orderly functioning of the Superior Court's judicial role. In the post-conviction context of the present case, the legislative determination that persons convicted of violent crimes are ineligible for release pending appeal is not a "heavy handed preclusion" as claimed by the defendant, but rather a public policy decision they are authorized to make.
The defendant relies on two cases to support his claim for post-conviction bail. In State v. Barbara Wilson, A.C. 21401, the Appellate Court without opinion reversed a trial court decision to revoke an appeal bond. In Wilson the bond was set prior to the effective date ofPublic Act 00-200 § 5 that amended § 54-63f to preclude appeal CT Page 14636 bonds in cases involving the use or threat of force. Since the Appellate Court did not articulate the reasons for its decision, the applicability of Wilson to the present case is speculative, particularly since one of the defendant's arguments in Wilson was that the new law should not be applied retroactively. In the present case, the defendant was convicted after the effective date of P.A. 00-200 § 5, and there is no issue with respect to retroactive application.
The second case, State v. James A. McCahill, (Superior Court Judicial District of New Britain, G.A. 15, Docket CR99-0005116, Gaffney, J.), is a superior court decision where the trial court set an appeal bond noting that the new law was a "serious intrusion" on judicial discretion. This decision is not persuasive for two reasons. First, like Wilson, McCahill
involved an issue of retroactive application of P.A. 00-200 § 5, which is not present here. Second, the decision did not address Connecticut's tradition, discussed above, that provides a joint role for the legislature and the courts in criminal procedure — particularly regarding bail.
In sum, neither Wilson, McCahill nor the defendant's common law claims are sufficient to meet the "heavy burden" required to establish §54-63f's invalidity. Accordingly, pursuant to that statute, an appeal bond is not available to the defendant in the present case.
 Conclusion
For the reasons set forth above, the motion for bond pending appeal is denied.
So Ordered at New London, Connecticut this 23rd day of October, 2001.
Devlin, J.