[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO REDUCE THE AMOUNT OF BOND FOR POST-CONVICTION BAIL
FACTS
On March 13, 2002, the defendant, Leo Ritrovato, was convicted after a trial by jury, of sexual assault in the second degree, General Statutes § 53a-71 (a) (1), risk of injury to a minor, General Statutes §53-21 (a) (1), risk of injury to a minor, General Statutes § 53-21
(a) (2), sale of a hallucinogenic substance, General Statutes § 21a-278
(b), and selling or giving a controlled substance to a person under eighteen years of age, General Statutes § 21a-278a. At that time, this court granted post-conviction bail pursuant to General Statutes54-63f.[1] The court set bond at $350,000, an amount which the court found necessary to provide the reasonable assurance of the defendant's appearance in court. On April 25, 2002, the defendant was sentenced to a term of twenty-two years incarceration, execution suspended after seventeen years, with ten years probation. On June 20, 2002, the defendant filed his appeal which is presently pending, and on December 31, 2002, the defendant filed a motion to reduce the amount of the bond for post-conviction bail. The state, on January 6, 2003, objected to the defendant's motion.
 LAW
The Connecticut Constitution provides that "[i]n all criminal prosecutions, the accused shall have a right . . . to be released on bail upon sufficient security . . ." State v. Ayala, 222 Conn. 331, 342,610 A.2d 1162 (1992). Post-conviction bail, however, "is entirely disassociated from the preconviction presumption of innocence, [and] is not authorized by any constitutional requirement but only under §54-63f of the General Statutes . . ." State v. Menillo, 159 Conn. 264,269, 268 A.2d 667 (1970). "The power to admit to bail after conviction is not a statutory but a common-law power . . . bail is then a matter of CT Page 1888absolute discretion, to be exercised by the court, however, with great caution, and rarely to be allowed when the crime is serious. But thepower to admit to bail is inherent in the court so long as the prisoner is in its custody; that is, until he is taken in execution." (Emphasis in original.) State v. McCahill, 261 Conn. 492, 507, 803 A.2d 901 (2002), citing State v. Vaughan, 71 Conn. 457, 460-61, 42 A. 640 (1899).
"[T]he legislature intended § 54-63f to serve as a directive that: (1) a defendant who had been convicted of any offense would be eligible for post-conviction bail; and (2) discretion rested with the trial courtto make an appropriate determination as to when such bail should be granted. [The defendant] may be released . . . unless the court finds custody to be necessary to provide reasonable assurance of his appearance in court, upon the first of the following conditions of release found sufficient by the court to provide such assurance . . ." (Emphasis added; internal quotation marks omitted.) State v. McCahill, supra,261 Conn. 507-08.
On March 13, 2002, this court, exercising its discretion, made a determination pursuant to General Statutes § 54-63f, with respect to the terms of the defendant's release after conviction and pending sentence. The predominant factor which guided the court's determination was the nature and seriousness of the crime for which the defendant was convicted. Pursuant to the conviction, the defendant was subsequently sentenced to a significant amount of incarceration time. Despite the arguments now proffered by the defendant in support of his motion to reduce the post-conviction bond amount, the court finds no compelling reason or change in circumstances that would require the court to modify the bail conditions that it set at the time of conviction for purposes of the defendant's now pending appeal.
Accordingly, the defendant's motion to reduce the amount of bond for post-conviction bail is denied.
Swienton, J.