[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO SET APPEAL BOND
The offenses for which the defendant was sentenced to a total effective sentence of twenty years after fifteen years to serve are of a very serious nature. The sentence is substantial. There is no authority requiring this court to set bond, but the court has considered the fact that defendant lived in Florida for three years before and subsequent to his arrest for those offenses. He did voluntarily surrender and return to Connecticut and has abided by the conditions of his release.
The court having considered all the evidence, finds the evidence to be overwhelming. Defendant raised three issues in his motion to set aside the verdict that the court carefully considered and addressed in a memorandum of decision. The court is aware of no serious or compelling issue that was raised at trial or during argument. The defendant was given a fair trial.
The defendant has filed this motion to set appeal bond, requesting bond in a reasonable and appropriate amount. There is no constitutional entitlement to bail pending appeal, either under the federal constitution or under art. 1 § 8 of the Connecticut Constitution. See Roberson v.Connecticut, 501 F.2d 305, 308 (2nd Cir. 1974); State v. Menillo,159 Conn. 264, 269 (1970). However, C.G.S. § 54-63f was promulgated in 1969 and provides factors to be considered in a post-conviction release. The factors are also encompassed in the Connecticut Practice Book § 43-2. There is a common law principle in this state to allow the Superior court discretion to consider defendant's eligibility for post-conviction bail.
The defendant mistakenly interprets State v. McCahill, 261 Conn. 492
(2002), to support the conclusion that the defendant's bail should be granted, without allowing the Superior Court to exercise its discretion. The Connecticut Supreme Court held in McCahill thatPublic Act 00-200 § 5 prohibiting post-conviction release for a defendant found guilty of a crime, was constitutionally invalid. The court held that the Act was CT Page 3856 a violation of separation of powers. In holding the Act unconstitutional, the court recognized the established common-law power of the Superior Court to exercise its discretion in determinations of post-conviction bail, "in all cases." McCahill, 261 Conn. at 512, quotingState v. Vaughan, 71 Conn. 457 (1899).
The defendant in McCahill was convicted of sexual assault in the first degree C.G.S. § 53a-70 (a) (1) and burglary in the first degree C.G.S. § 53a-101 (a) (2). The trial court exercised its discretion in granting the bail on appeal. The Court emphasized the discretion that Superior Courts have in their decisions relating to release. "The power to admit to bail after conviction, is not a statutory but a common-law power . . . bail is then a matter of absolute discretion, to be exercised by the court, however, with great caution, and rarely allowed when the crime is serious." McCahill, 261 at 511, quoting Vaughan,71 Conn. at 460-61.
The Court is exercising its discretion in this case by denying appeal bond. Custody of the defendant is necessary to provide reasonable assurance of defendant's appearance in court.
Owens, J. CT Page 3857