State of Connecticut *v.* Earl L. Chisolm

Superior Court    Hartford County    File Nos. 32149, 33243

Memorandum filed July 27, 1971

*John D. LaBelle,* state's attorney, for the state.

*Igor I. Sikorsky, Jr.,* of Hartford, for the defendant.

PARSKEY, J.   The defendant was convicted on November 9, 1970, of two counts of sale of heroin and two counts of possession of narcotic drugs. The defendant was convicted on April 2, 1971, of one count of possession of a narcotic drug with intent to sell and a number of counts of possession of either a controlled or a narcotic drug.   In both cases the defendant was sentenced to the Connecticut correctional institution, Somers; in both cases he has appealed; in both cases he has been released on bond pending appeal.   The defendant has been arrested without warrant on narcotics offenses on January 21, February 8 and June 16, 1971.   On June 16, 1971, as a result of the issuance of a search warrant, a large quantity of narcotics was found at the defendant's premises, as a result of which seizure the defendant was arrested.   On June 24, 1971, the defendant was seized under an arrest warrant and charged with possession of stolen goods.   In all of these cases the defendant has waived examination, he has been bound over to the Superior Court, and his cases are pending.   The state has now moved to revoke bail in the cases on appeal, claiming that the defendant's conduct since conviction justifies revocation of bail.   The defendant asserts in opposition that, a stay of execution having occurred by operation of law, the court now lacks the authority to revoke bail.

In a criminal case the imposition of sentence is the judgment of the court. *State* v. *Smith,* 149 Conn. 487, 489.   When the sentence is put into effect and the prisoner is taken in execution, custody is transferred from the court to the custodian of the penal institution.   At this point jurisdiction of the court over the prisoner terminates.   When a stay of

execution occurs, the court retains jurisdiction of the offender. When an appeal or a notice of appeal is filed in a criminal case, the appeal or notice operates as a stay under General Statutes § 54-95 pending the final determination of the case, "provided the defendant is admitted to bail or makes an election in writing not to commence service of the sentence, unless within five days of the filing of such appeal or such notice the judge before whom such criminal prosecution is tried otherwise directs in writing and accompanies such direction by a written statement of his reasons therefor." If bail is granted or the defendant elects not to commence service of sentence, and the trial judge does not act within the five days, the stay of execution remains in effect pending the final determination of the case, and neither the trial judge nor the court can terminate the stay in the interim.

Bail is the by-product of custody. The power to admit to bail is inherent in the court so long as the prisoner is in its custody. The power exists both before and after conviction. Before conviction, admission to bail is governed by constitutional considerations. "The power to admit to bail after conviction is not a statutory but a common-law power; the constitutional provision does not apply; bail is then a matter of absolute discretion, to be exercised by the court, however, with great caution, and rarely to be allowed when the crime is serious." *State* v. *Vaughan,* 71 Conn. 457, 460. The enactment in 1967 of § 54-63f of the General Statutes, permitting bail on appeal, did not change the essential discretionary nature of bail after conviction, nor the continuing validity of *State* v. *Vaughan,* supra. See *State* v. *Menillo,* 159 Conn. 264, 269. Since, therefore, bail after conviction is a matter of judicial discretion, the power to admit to bail also includes the power to revoke it.

The question presented here is whether a court which lacks authority to terminate a stay of execution can nevertheless revoke bail. The defendant's position is that bail and stay of execution go together like Siamese twins. It is suggested that the purpose of a stay of execution is to delay incarceration, while the effect of a revocation of bail is to produce incarceration. To permit a revocation of bail, it is argued, while the court is without power to terminate a stay, is to allow the court to do indirectly what it cannot do directly. While this argument is plausible, it misses the mark. A stay of execution prevents a transfer of custody from the court to the commissioner of correction. A revocation of bail, although resulting in incarceration, still leaves the prisoner in the custody of the court. His incarceration is subject to control of the court. The revocation is not final. With a change of circumstances, the prisoner may be readmitted to bail. Where, however, the stay is terminated and the prisoner is taken in execution, the court's jurisdiction is at an end; its power to admit to bail thereafter is gone. *State* v. *Vaughan*, supra, 461.

The history of § 54-95 supports the view that bail and stay of execution are separable. Prior to 1945 the filing of an appeal or a notice of appeal operated as a stay only at the direction of the court. Rev. 1930 § 6492. In 1945 this was changed so that the stay was automatic on appeal unless within five days the trial judge, in writing, directed otherwise. Sup. 1945, § 1017h; Rev. 1949 § 8811. No mention was made of bail in these changes. Postconviction bail continued to be governed by the common law as before. Nor was there anything in the 1945 language which would have prevented the court from revoking bail after five days, even though the stay could not then be terminated. The present language providing for a stay, "provided the defendant is

admitted to bail or makes an election in writing not to commence service of the sentence," was first introduced by Public Acts 1959, No. 474, and is remarkably similar to and was apparently taken from Rule 38 of the Federal Rules of Criminal Procedure as it then read. Under this rule, and under § 54-95, a stay which occurs as a result of an election by the defendant not to commence service of sentence presupposes that the defendant has not been admitted to bail. 8A Moore, Federal Practice (2d Ed.) ¶ 38.02. Were this not the case, the election would be superfluous. On the other hand, if no bail means no stay, then the election would be futile. No court worthy of its name could countenance so bizarre a construction. The only reasonable conclusion which can be drawn is that a stay retains jurisdiction over the prisoner in the court whether he is incarcerated or released on bail pending the disposition of the appeal.

It remains to consider the factual basis which would justify a revocation of bail in this case. The defendant was convicted in November, 1970, and sentenced in December, 1970, for sale and possession of heroin, to an effective term of six to nine years at the Connecticut correctional institution, Somers. He was again convicted and sentenced on narcotics charges in April, 1971, to an effective term of nine to fifteen years, concurrent with his first sentence. Additionally, since the first conviction the defendant has been arrested four times on narcotics charges and was the object of a search warrant which uncovered a large quantity of narcotics at his premises. The least that can be said about these postconviction events is that they show the defendant as having a peculiar affinity for narcotics on a continuing basis. Because the welfare of the community is placed in jeopardy by the narcotics traffic, the existence of facts showing probable jeopardy is a suffi-

cient reason for revoking postconviction bail. *United States* v. *Erwing,* 268 F. Sup. 877, 879. Indeed, the granting of bail in the light of such jeopardy would, in my opinion, constitute irresponsible judicial action. *Carbo* v. *United States,* 82 Sup. Ct. 662, 666. "[T]here comes a point where this Court should not be ignorant as judges of what we know as men." *Watts* v. *Indiana,* 338 U.S. 49, 52. It does not require 20-20 vision to recognize that, on the basis of the reality of the street, failure to take action in this case, where the issue is bail after conviction and where the power to be exercised is discretionary, would cause the administration of justice to appear ridiculous.

An order may enter revoking bail in both cases pending final disposition of the appeal or until further order of the court.