## STATE OF CONNECTICUT *v.* JOHN P. WALZER
## (13355)

PETERS, C. J., HEALEY, SHEA, GLASS and HULL, Js.

Argued June 2—decision released July 26, 1988

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Gary W. Nicholson,* assistant state's attorney, for the appellant (state).

*Austin J. McGuigan,* with whom were *Joseph B. Burns* and, on the brief, *Richard F. Banbury,* for the appellee (defendant).

SHEA, J. The dispositive issue in this appeal is whether the trial court, *Melville, J.,* had jurisdiction to rule upon a motion filed by the defendant to reduce or correct his sentence after his first appeal from the judgment imposing that sentence had terminated unsuccessfully. We conclude that the court had no such jurisdiction. Accordingly, we find error and remand the case to the trial court with direction to reinstate the original sentence.

The following facts are not disputed. The defendant entered a plea of guilty to the crime of larceny in the first degree by embezzlement, a violation of General Statutes § 53a-119 (1) and General Statutes (Rev. to 1981) § 53a-122 (a) (2), and in October, 1983, was sentenced by the trial court, *Melville, J.,* to a term of six years to run consecutive to an unrelated federal sentence he was then serving. At this time the court issued a judgment mittimus that gave the commissioner of correction authority to seize the defendant once his federal sentence had been served. The defendant remained incarcerated in the federal penitentiary in

Danbury, but a detainer was lodged to prevent his release without notification to state correctional authorities. The sentence review board affirmed the sentence.

Thereafter, the defendant moved to correct the sentence pursuant to Practice Book § 935 on the ground that General Statutes § 53a-37 does not permit our courts to order a sentence to run consecutively with an earlier sentence unless the prior term was imposed by a "court of this state." The trial court, *Landau, J.,* denied the motion and the defendant later filed an appeal.

The defendant filed a motion in the Appellate Court for bail pending his appeal. The Appellate Court referred the motion to the trial court, *Landau, J.,* for determination. On February 5, 1986, the court granted the motion and set an appeal bond at $75,000. In addition, on February 10, 1986, a judgment mittimus was issued that was apparently designed to allow the commissioner of correction to seize the defendant as soon as the appeal was resolved.[1] The defendant was released from federal custody on February 28, 1986, with a thirty day stay pending the exercise of any detainer. This detainer was removed when the defendant posted his appeal bond and, therefore, he was not required to surrender to the commissioner of correction. The defendant was released into the community subject to the terms of his appeal bond.

On December 23, 1986, the Appellate Court released its decision in *State* v. *Walzer,* 9 Conn. App. 365, 518 A.2d 966 (1986), rejecting the defendant's claim that

---

[1] Although the court file indicates that this second mittimus was issued on February 10, 1986, it does not disclose the circumstances under which it was issued or the reasons for its issuance. Neither the record nor the parties have provided any explanation for this second mittimus. As our opinion makes clear, the existence of this second mittimus is not crucial to the result we have reached.

his sentence was illegal. On January 9, 1987, this court denied his petition for certification. *State* v. *Walzer*, 202 Conn. 802, 519 A.2d 1207 (1987). The defendant conceded at argument that he did not petition the United States Supreme Court for a writ of certiorari. The state made no effort to incarcerate him after this court denied his petition for certification.

On January 27, 1987, the defendant filed a motion for correction or reduction of his sentence. After a contested hearing, on September 29, 1987, the trial court, *Melville, J.,* granted this motion. It determined that it had jurisdiction to modify the sentence "in view of the fact that the sentence was never executed." Impressed by the defendant's counselling work with persons addicted to drugs, the court found that he had demonstrated significant rehabilitative progress in this and other respects since he had been originally sentenced. It noted that the victim of the crime, E.I. du Pont de Nemours, Inc., had indicated that it did not favor incarcerating the defendant. The court concluded that society would be better off if he performed substantial community service instead of being committed to prison. Accordingly, it vacated the original sentence of six years, and ordered a sentence of six years with execution suspended and a period of five years probation. It imposed several conditions of probation that were not contained in the original sentence, including payment of restitution to the victim of the larceny and the performance of 6000 hours of community service. The state did not seek to stay this new sentence pending appeal and, therefore, the defendant has been serving his new sentence and complying with these probation conditions.[2]

---

[2] The defendant contends that double jeopardy principles pursuant to the fifth amendment to the United States constitution prohibit this court from reinstating his original sentence because the state failed to seek a stay under Practice Book § 948 and, therefore, he began serving his new probation

At the hearing before the trial court, the state argued that the court lacked jurisdiction to consider the motion and took an exception when the court modified the sentence. The next day the state filed a motion for permission to appeal, which was granted by the court. This appeal followed.

I

The trial court, *Melville, J.,* did not elaborate on why it had determined that the sentence was unexecuted beyond indicating that it had relied "primarily" upon *State* v. *Chisolm,* 29 Conn. Sup. 339, 287 A.2d 389 (1971). In *Chisolm,* the court held that it had the power to revoke post-conviction bail even where by operation of law a stay of execution is in effect and cannot be terminated by the court. Id., 340–43. "The defendant's position is that bail and stay of execution go together like Siamese twins. . . . The history of [General Statutes (Rev. to 1968)] § 54-95 supports the view that bail and stay of execution are separable." Id., 342. In dictum unrelated to the merits of the decision, the court noted: "In a criminal case the imposition of sentence is the judgment of the court. *State* v. *Smith,* 149 Conn. 487, 489 [181 A.2d 446 (1962)]. When the sentence is put into effect and the prisoner is taken in execution, custody is transferred from the court to the custodian

sentence. We note initially that the defendant failed to file a preliminary statement of issues to present for review alternative grounds upon which the judgment may be affirmed. Practice Book § 4013 (a) (1). Even if this claim is reviewable under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), this issue is so inadequately briefed that it should be considered abandoned. See Practice Book § 4065; *Czarnecki* v. *Plastics Liquidating Co.,* 179 Conn. 261, 262 n.1, 425 A.2d 1289 (1979); *Katsetos* v. *Nolan,* 170 Conn. 637, 641, 368 A.2d 172 (1976). The defendant cites no authority for the novel proposition that reinstatement of a valid sentence in place of an illegal one constitutes multiple punishments for the same offense. Moreover, the defendant is entitled to petition the board of pardons to rectify any inequity caused by the fact that he has made partial restitution to the victim and performed community service, conditions not imposed by his original sentence. See General Statutes § 18-26 (b).

of the penal institution. At this point jurisdiction of the court over the prisoner terminates. When a stay of execution occurs, the court retains jurisdiction of the offender. When an appeal or a notice of appeal is filed in a criminal case, the appeal or notice operates as a stay under General Statutes § 54-95 pending the final determination of the case, 'provided the defendant is admitted to bail . . . . ' " Id., 340–41. In addition, the court concluded that "[a] stay of execution prevents a transfer of custody from the court to the commissioner of correction." Id., 342. The defendant in the case at bar has relied on these dicta in contending that the court retained jurisdiction over him because his posting of an appeal bond stayed execution of the judgment imposing the original sentence. The court in the present case appears to have accepted this argument in view of the significance it attached to *Chisolm*.

The state claims that the court erred in determining that the sentence was unexecuted and, therefore, in concluding that it had jurisdiction to modify the sentence. The state contends that the appeal bond expired when this court denied the defendant's petition for certification and that the defendant at that time automatically passed into the jurisdiction of the commissioner of correction because a judgment mittimus had been issued both at the time he was originally sentenced in October, 1983, and again on February 10, 1986, five days after the appeal bond had been filed.

We conclude that the appeal bond and, therefore, the stay of execution expired when this court denied the defendant's petition for certification and he ceased to pursue further appeals by filing a petition pursuant to Practice Book § 4050. We also conclude that he passed into the jurisdiction of the commissioner of correction at the time of the original sentence because a judgment mittimus had been issued at that time transferring his custody to the commissioner of correction subject to

completion of his federal sentence. The defendant contends that his appeal bond remained in effect because the state took no action to gain custody over him prior to the sentencing hearing on September 29, 1987. General Statutes § 54-95 (b)[3] provides, however, that an appeal by a criminal defendant "shall operate as a stay of execution pending the final determination of the case . . . . " The *Chisolm* court acknowledged that, under an earlier version of this statute, any stay of execution put into effect by an appeal bond expires upon "final determination of the case." *State* v. *Chisolm,* supra, 341. We conclude that the final determination of this case occurred when this court denied certification. The defendant did not file a motion under Practice Book § 4050 to obtain a stay of execution from this court pending a decision in the case by the United States Supreme Court and never sought a writ of certiorari from that court. The purpose of the appeal bond

---

[3] General Statutes § 54-95 (b) provides: "When such defendant is convicted and sentenced to a term of imprisonment and, within two weeks after final judgment, files with the clerk of the court wherein the conviction was had an appeal to the supreme court or gives oral or written notice of his intention to appeal to said court or to petition for a new trial, the appeal or the notice shall operate as a stay of execution pending the final determination of the case, provided the defendant is admitted to bail, except the appeal or the notice shall not operate as a stay of execution, if within five days after the filing of the appeal or notice thereof, the judge before whom the criminal prosecution was tried directs in writing that the appeal or the notice shall not operate as a stay of execution. Such order shall be accompanied by a written statement of the judge's reasons for denying the stay of execution. The order and the statement shall become a part of the files and record of the case. If any defendant has been admitted to bail following an oral or written notice of intent to appeal or petition for a new trial and such defendant has failed, within twenty days after the judgment from which the appeal is to be taken, or such further period as the court may grant, to perfect the appeal or petition, a mittimus for his arrest shall issue. If any defendant is imprisoned after sentencing and before he is admitted to bail, such period of imprisonment shall be counted toward satisfaction of his sentence. If any defendant is admitted to bail and subsequently surrendered and remitted to custody while his appeal is pending, the period of imprisonment following thereafter shall be counted toward satisfaction of his sentence."

ended once the defendant ceased to pursue appellate remedies. The fact that a second judgment mittimus[4] was issued to the commissioner of correction five days after the appeal bond was granted indicates that the stay of execution put into effect by the bond was intended to terminate after the defendant had completed the appeal process and that the first mittimus at the time of sentence was designed to transfer custody of the defendant automatically from the court to prison authorities. The execution of the sentence commenced and the court relinquished jurisdiction over the defendant when the first mittimus transferred custody of him from the court to the commissioner of correction. *Alexander* v. *Robinson,* 185 Conn. 540, 546–47, 441 A.2d 166 (1981). The fact that the defendant was still obliged to complete his federal sentence did not diminish the authority of the commissioner of correction under the first mittimus to take custody of him upon his release by federal officials. The effect of posting the appeal bond was, of course, by virtue of § 54-95 (b), to stay execution of the sentence after the bond had been posted during pendency of the appeal and thus to suspend for that period the authority of the commissioner under the mittimus. Upon termination of the appeal, however, the stay under § 54-95 (b) terminated and the authority of the commissioner to seize and hold the defendant under the original mittimus was reinstated without the necessity for further court proceedings.

We believe our statutes and precedents are sufficiently clear to require no further elaboration of our holding that, where a mittimus has been issued following a sentence, the stay incident to the posting of an appeal bond does not leave the sentence unexecuted and thus does not confer upon the trial court residual jurisdiction to modify the sentence that has been

---

[4] See footnote 1, supra.

imposed. It is appropriate, nevertheless, to observe that a different result would create a disparity between those financially able to post an appeal bond after sentence and those who are unable to do so. As demonstrated in this cáse, those more fortunate defendants who have the means necessary to post an appeal bond would be given an opportunity upon termination of their appeals for modification of sentence not available to others who remain incarcerated during the pendency of their appeals if the trial court were deemed to retain jurisdiction to modify a sentence after the original mittimus had been issued. For this reason we would be reluctant to arrive at such a result even if our statutes compelled us to reach it, which, as we have concluded, they do not. See *Moscone* v. *Manson,* 185 Conn. 124, 129–31, 440 A.2d 848 (1981). Accordingly, we hold that the court erred in determining that the sentence was unexecuted for the purpose of ascertaining its jurisdiction to modify the sentence.

## II

The defendant contends that a trial court has the authority to modify a sentence even after a person has been taken into custody physically by the commissioner of correction and the execution of his sentence has unquestionably begun. He relies on *State* v. *Tomczyk,* 20 Conn. Sup. 67, 123 A.2d 283 (1956), in which the court concluded that General Statutes (Sup. 1955) § 3338d permitted a court to suspend a prison sentence at any time and place a defendant on probation. He acknowledges that this statute is no longer in effect, but points out that General Statutes § 53a-28[5] contains

---

[5] "[General Statutes] Sec. 53a-28. AUTHORIZED SENTENCES. (a) Except as provided in chapter 368p, to the extent that such chapter is inconsistent herewith, every person convicted of an offense shall be sentenced in accordance with this title.

"(b) Except as provided in sections 53a-45, 53a-46a, 53a-54b and 53a-92, when a person is convicted of an offense, the court shall impose one of the

no limit as to when the court may exercise its power to suspend a definite sentence. He contends that § 53a-28 authorizes a court to suspend a prison sentence at any time and to place any prisoner on probation. If this contention that all sentences are suspendable at any time were sound, however, it would render superfluous subsection (c) of § 53a-28, which expressly provides that a sentence of probation or conditional discharge is a revocable disposition.

We conclude that General Statutes § 53a-39[6] does not permit a court to place on probation a defendant who

following sentences: (1) A term of imprisonment; or (2) a sentence authorized by sections 18-65a or 18-73 or (3) a fine; or (4) a term of imprisonment and a fine; or (5) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a period of probation or a period of conditional discharge; or (6) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a fine and a period of probation, or a period of conditional discharge; or (7) a fine and a sentence authorized by section 18-65 or 18-73; or (8) a sentence of unconditional discharge.

"(c) A sentence to a period of probation or conditional discharge in accordance with sections 53a-29 to 53a-34, inclusive, shall be deemed a revocable disposition, in that such sentence shall be tentative to the extent that it may be altered or revoked in accordance with said sections but for all other purposes it shall be deemed to be a final judgment of conviction."

[6] "[General Statutes] Sec. 53a-39. REDUCTION OF DEFINITE SENTENCE OF THREE YEARS OR LESS. DISCHARGE OF DEFENDANT. INTENSIVE PROBATION. At any time during the period of a definite sentence of three years or less, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which he could have been originally sentenced. At any time during the period of a definite sentence of at least two years but not more than five years, the sentencing court or judge shall refer any application of a defendant seeking placement in the intensive probation program to the office of adult probation for assessment and recommendations and may, after hearing and for good cause shown, order the defendant discharged on intensive probation in accordance with subsection (b) of section 54-105 for a period of at least one year but not more than the unexpired portion of the sentence. At the time the sentencing court or judge orders the defendant discharged on intensive probation, the court or judge may order that if the defendant successfully completes his intensive probation

is serving an executed sentence of six years imprisonment. The statute allows a court at any time to reduce a definite sentence of less than three years provided that a hearing is held and good cause is shown. In addition, the statute was amended in 1984 to authorize a court to place on intensive probation a defendant who is serving "a definite sentence of at least two years but not more than five years . . . . " Public Acts 1984, No. 84-505, § 3. "Where the meaning of a statute is plain and unambiguous, the enactment speaks for itself and there is no occasion to construe it." *Connecticut State Board of Labor Relations* v. *Board of Education,* 177 Conn. 68, 73, 411 A.2d 28 (1979). Section 53a-39 clearly allows a court to modify only executed sentences of not more than five years. We conclude that the court lacked jurisdiction to reduce the defendant's sentence of six years imprisonment after his custody had been transferred to the commissioner of correction under the mittimus of October, 1983, subject to completion of his federal sentence. We need not address the contention of the state that § 53a-39 prohibits a trial court from reducing an *unexecuted* sentence greater than five years and leave that issue for another day.

On the basis of all the foregoing, we hold that the trial court did not have jurisdiction to grant the defendant's motion to reduce or correct the sentence originally imposed and, accordingly, that the sentence it imposed on September 29, 1987, is void.

There is error, the sentence imposed on September 29, 1987, is set aside and the case is remanded to

he shall be placed on regular probation for a period of time which is not more than the difference between (1) the time served plus the time which will be spent on intensive probation and (2) the term of the initial sentence. Any defendant discharged on intensive probation shall comply with the conditions of probation ordered by the court or required by the office of adult probation, as provided in subsections (a) and (b) of section 53a-30."

the trial court with direction to reinstate the original sentence.

In this opinion the other justices concurred.