[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
Judgment was entered on May 17, 1996 sentencing the defendant to an effective sentence of 18 years suspended after 12 years, fines totalling $7,500, and five years of probation. CT Page 10066
A judgment mittimus was issued on that date, May 17, 1996. On that date, defendant filed a notice of appeal and an appeal bond.
On July 1, 1997, the Appellate Court rendered a per curiam decision affirming the judgment. State v. Albert M. Nyvelt,45 Conn. App. 613 (July 1, 1997).
The defendant then filed a petition for certification with the Supreme Court. It denied the petition on September 18, 1997.State v. Albert M. Nyvelt, 243 Conn. 9 (September 18, 1997).
Section 4050 of the Rules of Practice provides in part:
 "When the state supreme court has denied a petition for certification from the appellate court, any stay in existence at the time of such denial shall remain in effect for ten days. Any party to the action wishing to extend such stay of execution or to otherwise obtain a stay of execution pending a decision in the case by the United States supreme court shall file a motion with the appellate court." P.B. § 4050.
On October 6, 1997, defendant filed a Notice of Intent to Appeal indicating defendant would be filing an "appeal for certification to the U.S. Supreme Court." Defendant also filed a Motion For Continuance of Bond reciting therein "that he is filing a request for certification to the U.S. Supreme Court."
The office of the clerk of the Appellate Court has informed that as of this date, October 6, 1997, no papers have been filed by or on behalf of the defendant since its decision on July 1, 1997.
This court has no jurisdiction or authority to grant the relief presently sought.
The stay of execution and the appeal bond expired when the Supreme Court denied defendant's petition for certification and defendant ceased to pursue further appeals by filing a petition pursuant to Practice Book § 4050. State v. Walzer,208 Conn. 420, 425 (1988). Accordingly, jurisdiction of the defendant has passed to the commissioner of correction. Defendant is now, or should be, in the custody of the commissioner of corrections. The commissioner is authorized to seize and hold the defendant without the necessity of further court proceedings. State v.CT Page 10067Walzer, 425-427.
Parker, J.