[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is Jancis L. Fuller's Motion for Reduction of Bond dated February 25, 2000; the motion was received and filed by the clerk on April 7, 2000.
Fuller recites that she "has been unable to obtain release from custody since 6-29-95, because both the pre-trial and appeal bonds were set punitively high." She also states she "has not been heard on oral argument for any of the five motions she has filed for a bond reduction since 7-13-99, despite oral and written requests to do so."
Fuller is a sentenced prisoner. Her appeals in this matter have been resolved against her. See State v. Jancis Fuller, 56 Conn. App. 592
(February 15, 2000); certification denied, 252 Conn. 949 (March 22, 2000).
The court is not aware of any other proceeding in this case by which the judgment can be, or, is being, reviewed. CT Page 6400
Furthermore, when sentence was imposed on June 4, 1997, a judgment mittimus was issued by the clerk of this court on the same day, June 4, 1997. No appeal bond was filed. Thus, on that date, June 4, 1997, custody of the defendant passed from the court to the commissioner of correction.
It appears to the court that Fuller does not understand the function of either an appearance bond or an appeal bond. "The fundamental purpose of bail is to ensure the presence of an accused throughout all proceedings, including final judgment." State v. Menillo, 159 Conn. 264,269 (1970); State v. Ayala, 222 Conn. 331, 349 (1992). The purpose of a bond is "to secure the presence of the person charged with a crime at his trial . . . and to force him to submit to the jurisdiction of the court and the punishment imposed by the court." [Citation omitted.]State v. Bates, 140 Conn. 326, 330 (1953). Stated simply, an appearance bond is an promise/undertaking by a defendant, and perhaps a surety, that the defendant will appear in court each time the court orders the defendant to do so. An appeal bond is a promise/undertaking by the defendant, and perhaps a surety, that the defendant will appear when the court orders the defendant to do so upon completion of the appellate process; i.e., if the appeal, from the defendant's standpoint, is not successful, to appear/surrender to serve the sentence imposed.
In this case, the defendant never filed either an appearance or an appeal bond. Since she did not file an appeal bond, there was no stay of the execution of her sentence. On June 4, 1997, when Fuller was sentenced, and no appeal bond was filed to stay the execution of the sentence, jurisdiction of Fuller passed from the court to the commissioner of correction. Fuller "passed into the jurisdiction of the commissioner of correction at the time of the original sentence because a judgment mittimus had been issued at that time transferring [her] custody to the commissioner of correction." State v. Walzer, 208 Conn. 420,425 (1988).
Since no appeal bond was ever filed, the court has not had custody of or jurisdiction of Fuller since June 4, 1997. State v. Walzer,208 Conn. 420, 425 (1988).
Hence the original sentencing on June 4, 1997, the issuance of the judgment mittimus on the same date, and no appeal bond ever having been filed, and all appeals having been denied and finalized, jurisdiction of Fuller passed long ago to the commissioner of correction. Fuller is now in the custody of the commissioner of correction. The judgment in his case is final. The court is not authorized to take any action with respect to Fuller in this case. Any action by the court as Fuller requests would be a nullity. CT Page 6401
The court cannot grant Fuller any relief in this case.
Parker, J.