STATE OF CONNECTICUT *v.* BRIAN MOORE
(AC 25637)
(AC 26098)

Harper, Rogers and West, Js.

Argued April 28—officially released October 17, 2006

*Brian Moore*, pro se, the appellant in AC 25637 (defendant).

*H. Owen Chace*, special public defender, for the appellant in AC 26098 (defendant).

*James A. Killen* and *Marjorie Allen Dauster*, senior assistant state's attorneys, with whom, on the brief, were *John A. Connelly*, state's attorney, *Terence D. Mariani*, senior assistant state's attorney, and *Patrick J. Griffin*, assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Brian Moore, appeals from the judgment of conviction rendered following his conditional plea of nolo contendere[1] to one count of failure to appear in the first degree in violation of General Statutes § 53a-172, and from the judgment denying his motion to correct an illegal sentence.[2] In AC 26098, the defendant claims that the trial court improperly denied his motion to dismiss the charge of failure to appear in the first degree. In AC 25637, the defendant claims that the court improperly denied his motion to correct an illegal sentence. We affirm the judgments of the trial court.

The defendant was convicted, following a jury trial, of attempt to commit murder in violation of General

---

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such . . . motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied . . . the motion to dismiss. . . ." See also Practice Book § 61-6 (a) (2) (i).

[2] Practice Book § 43-22 provides that "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

Statutes §§ 53a-49 (a) (2) and 53a-54a (a), and two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and (5). On December 6, 1999, the court sentenced the defendant to a total effective term of eighteen years incarceration and granted his request to set an appeal bond. The following day, the defendant posted bond and was released. The bond provided in relevant part that the defendant was to "answer and abide the judgment and order of the Superior Court on the final determination of [his] appeal."

After hearing the defendant's appeal, this court affirmed the judgment of conviction. See *State* v. *Moore*, 69 Conn. App. 117, 795 A.2d 563, cert. denied, 260 Conn. 941, 835 A.2d 59 (2002). On May 23, 2002, one day after our Supreme Court denied certification to appeal, the clerk of the Superior Court for the judicial district of Waterbury sent a letter to the defendant ordering him to surrender and to begin serving his sentence on May 24, 2002. When the defendant failed to appear on that date, the court ordered the bond forfeited and the defendant arrested. It was not until November, 2002, that the defendant was arrested in Maine and returned to Connecticut.

The state charged the defendant with failure to appear in the first degree. In his motion to dismiss that charge, the defendant claimed that the court had lacked jurisdiction to order his appearance on May 24, 2002. The court denied the motion to dismiss. Subsequently, the defendant decided to enter a conditional plea of nolo contendere. The court accepted the defendant's plea and sentenced him to one year incarceration, consecutive to his previously imposed sentence of eighteen years. The court also denied the defendant's motion to correct an illegal sentence. These appeals followed.

I

We first address the defendant's appeal from his conviction on the charge of failure to appear in the first degree. The defendant claims that the court should have dismissed that charge because the court had failed to comply with Practice Book § 61-13, which provides in relevant part that "a judgment in a criminal case shall be stayed from the time of the judgment until the time to take an appeal has expired, and then, if an appeal is filed, until ten days after its final determination. . . ." Although our Supreme Court denied certification to appeal on May 22, 2002, the defendant argues that the final determination of his appeal did not occur until the order denying certification was published in the Connecticut Law Journal. Due to an administrative oversight, that order was not published until August 19, 2003, approximately fifteen months later. The defendant points out that Practice Book § 71-1 provides in relevant part that "[u]nless the court otherwise directs, its judgments and orders shall be deemed to have been rendered or made on the date they appear in the Connecticut Law Journal . . . ." The defendant therefore contends that the court lacked jurisdiction to order him to appear before August 29, 2003, ten days after the publication of the order denying certification. We disagree.

The defendant's argument fundamentally misconstrues the nature of our rules of practice. General Statutes § 51-14 (a) provides in relevant part that our courts "shall adopt and promulgate and may from time to time modify or repeal rules and forms regulating pleading, practice and procedure in judicial proceedings . . . . Such rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts. . . ." It is clear that the defendant's argument is fatally flawed because the court's noncompliance

with a rule of practice does not affect its jurisdiction.[3] Under the common law, the court has jurisdiction to issue an appeal bond and the power to order the defendant to appear. See *State* v. *McCahill*, 261 Conn. 492, 511–12, 811 A.2d 667 (2002).

Even if the court acted prematurely in ordering the defendant to appear, he nonetheless should have appeared because he was on postconviction release. Release after conviction and pending appeal is a matter of the court's discretion, as Practice Book § 43-2 (a) indicates in relevant part: "A person who has been convicted of any offense and who . . . has given oral or written notice of his or her intention to appeal . . . *may be released* . . . pending final disposition of his or her case upon . . . appeal, *unless the judicial authority finds custody to be necessary to provide reasonable assurance of the person's appearance in court* . . . ." (Emphasis added.) See also General Statutes § 54-63f. Furthermore, Practice Book § 43-2 (b) provides in relevant part that the court "shall also have authority to modify or revoke at any time the terms and conditions of release." Those provisions necessarily contemplate that a defendant who is on postconviction release must comply with the court's order regarding his release. The defendant may not disregard the court's order to appear even if he genuinely believes that the court has failed to follow a rule of practice. We therefore reject the defendant's challenge to his

---

[3] Furthermore, the rules of practice on which the defendant bases his argument, Practice Book §§ 61-13 and 71-1, do not set forth the procedure by which the court's jurisdiction over postconviction bail is invoked. The defendant's reliance on *State* v. *Walzer*, 208 Conn. 420, 545 A.2d 559 (1988), is unavailing. That case held that the court lacks jurisdiction to modify a sentence following the final determination of an unsuccessful appeal. See id., 427–28; see also *State* v. *Luzietti*, 230 Conn. 427, 431, 646 A.2d 85 (1994) (holding that court lacks jurisdiction to vacate judgment of conviction after defendant begins serving sentence). *Luzietti* and *Walzer* do not address the jurisdictional effect of noncompliance with a rule of practice.

conviction on the charge of failure to appear in the first degree.

## II

We next address the defendant's appeal from the denial of his motion to correct an illegal sentence. In that motion, the defendant challenged only the sentence of eighteen years that he had received for his conviction of attempt to commit murder and two counts of assault in the first degree. The defendant moved to correct his sentence on three grounds: (1) the sentence violated the prohibition against double jeopardy; (2) the court improperly instructed the jury; and (3) the court improperly permitted the state to amend the information. The court denied the motion to correct, finding that the defendant had been convicted of separate and distinct crimes, and that he could not raise his second and third issues by means of a motion to correct. On appeal, the defendant claims that the court improperly denied his motion to correct on the basis of the three grounds asserted in his motion to correct. We disagree.

As to the first of those grounds, "[i]n *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the United States Supreme Court set forth the test to determine whether two offenses are the same offense for double jeopardy purposes: [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. If the elements of one offense include the elements of a lesser offense . . . then double jeopardy attaches." (Internal quotation marks omitted.) *State* v. *Brooks*, 88 Conn. App. 204, 215, 868 A.2d 778, cert. denied, 273 Conn. 933, 873 A.2d 1001 (2005).

We examine the elements of the three offenses on which the defendant's sentence was based, beginning

with the two counts of assault in the first degree. General Statutes § 53a-59 (a) provides in relevant part that "[a] person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument . . . or (5) with intent to cause physical injury to another person, he causes such injury to such person . . . by means of the discharge of a firearm." Subdivision (1) requires proof of intent to cause serious physical injury by means of a deadly weapon or dangerous instrument while subdivision (5) requires proof of intent to cause physical injury by means of the discharge of a firearm. "[W]e must presume that when the legislature uses different language, the legislature intends a different meaning of one statute from the other." (Internal quotation marks omitted.) *State* v. *Denson*, 67 Conn. App. 803, 811, 789 A.2d 1075, cert. denied, 260 Conn. 915, 797 A.2d 514 (2002). We therefore conclude that subdivisions (1) and (5) of § 53a-59 (a) do not proscribe the same offense for double jeopardy purposes.

Turning to the offense of attempt to commit murder, our Supreme Court has determined that it is not the same as assault in the first degree in violation of § 53a-59 (a) (1) because each offense requires proof of a fact that the other does not. A conviction of attempt to commit murder "requires proof of intentional conduct constituting a substantial step toward intentionally causing the death of another person. . . . No showing of actual injury is required." (Citation omitted.) *State* v. *Sharpe*, 195 Conn. 651, 655, 491 A.2d 345 (1985). A conviction under § 53a-59 (a) (1), on the other hand, "requires proof that the defendant actually caused serious physical injury to another person. No showing of intent to cause death is necessary." Id. Similarly, the offense of attempt to commit murder is not the same as assault in the first degree in violation of § 53a-59 (a)

(5) because the former requires proof of intent to cause death while the latter requires proof of actual physical injury.

As to the second and third grounds on which the defendant moved to correct his sentence, we determine that those grounds were improper because they challenged his conviction rather than his sentence. A motion to correct does not afford the defendant an opportunity to raise claims that could have been raised in his direct appeal. "The purpose of Practice Book § 43-22 is not to attack the validity of a conviction by setting it aside but, rather to correct an illegal sentence or disposition, or one imposed or made in an illegal manner." *State* v. *Mollo*, 63 Conn. App. 487, 491, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001). Accordingly, the court properly denied the motion to correct.

The judgments are affirmed.

In this opinion the other judges concurred.