## BRIAN MOORE *v.* COMMISSIONER OF CORRECTION
### (AC 29694)

DiPentima, Robinson and West, Js.

Argued September 9, 2009—officially released March 2, 2010

*James B. Streeto*, assistant public defender, for the appellant (petitioner).

*Rocco A. Chiarenza*, special deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Terence D. Mariani*, senior assistant state's attorney, for the appellee (respondent).

### Opinion

ROBINSON, J. The petitioner, Brian Moore, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification to appeal on the

ground that his trial and appellate counsel had provided him with ineffective assistance. We conclude that the habeas court did not abuse its discretion in denying certification to appeal, and, therefore, we dismiss the petitioner's appeal.

Our decision in the petitioner's prior appeal provides the necessary factual background for the present case. "In early 1997, the [petitioner] sold two bulletproof vests, or the components thereof, to the victim, Glaister Gopie. Subsequently, the victim attempted, on many occasions, to return one of the vests for a refund. On the evening of May 18, 1997, the victim and his cousin, Andrew Mitchell, drove to Circular Avenue in Waterbury and parked on the street near a friend's home. The victim, coincidentally, parked directly outside the home of the [petitioner's] half-sister, Crystal Bolton. Sometime earlier that day, the [petitioner] and his girlfriend had driven to Circular Avenue to visit Bolton. As the [petitioner] left Bolton's home and as the victim approached his friend's home, the two men encountered each other. The victim then confronted the [petitioner] about the desired refund.

"From that point, the confrontation escalated into a fistfight, in which the victim was the apparent victor. After the fight ended, the [petitioner] retrieved a loaded .38 caliber revolver from his car. The [petitioner] then shot at the victim twice. The victim ran, fell to the ground shortly thereafter and was found by police lying face down with a single gunshot wound in the middle of his lower back. The victim told an officer that the [petitioner] had shot him. Subsequently, the police arrested the [petitioner]." *State* v. *Moore*, 69 Conn. App. 117, 118–19, 795 A.2d 563, cert. denied, 260 Conn. 941, 835 A.2d 59 (2002).

The record reveals the following procedural history. The petitioner, represented by attorney Leonard M.

Crone, pleaded not guilty, relying on the defense of self-defense, to one count of attempt to commit murder in violation of General Statutes §§ 53a-49 (a) (2) and 53a-54a (a), and two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and (5). Following a jury trial, the petitioner was convicted of all charges. On December 6, 1999, the court sentenced the petitioner to a total effective term of eighteen years incarceration. *State* v. *Moore*, 98 Conn. App. 85, 88, 908 A.2d 568, cert. denied, 280 Conn. 944, 912 A.2d 477 (2006).

The petitioner, again represented by Crone, appealed from the conviction, claiming that he had been deprived of due process and a fair trial by a pattern of prosecutorial impropriety that pervaded the trial. *State* v. *Moore*, supra, 69 Conn. App. 118. After hearing the petitioner's appeal, this court found that "some of the prosecutor's conduct was improper" but that "the misconduct was not so prejudicial as to clearly deprive [the petitioner] of a fair trial." Id. This court affirmed the judgment of conviction.[1] Id.

On December 4, 2007, the petitioner filed an amended petition for a writ of habeas corpus, alleging that he had received ineffective assistance of counsel due to Crone's failure to brief fully and to argue specific instances of prosecutorial impropriety and failure to raise claims of instructional error on appeal.[2] On February 13, 2008, the petition for a writ of habeas corpus

---

[1] The petitioner initially failed to appear to begin serving his sentence. The state charged him with failure to appear in the first degree, in violation of General Statutes § 53a-172, to which he entered a conditional plea of nolo contendere. The court accepted his plea and sentenced him to one year incarceration, consecutive to his previously imposed sentence of eighteen years, and denied his motion to correct an illegal sentence. After hearing the petitioner's appeal, this court affirmed the judgment of conviction on the charge of failure to appear in the first degree and upheld the denial of his motion to correct an illegal sentence. *State* v. *Moore*, supra, 98 Conn. App. 90–91, 93. The claims in that appeal are not at issue here.

[2] On August 1, 2006, the petitioner filed an amended petition, a return was filed and the petitioner filed a reply to that return. On February 23,

was denied. On February 25, 2008, the petitioner filed a petition for certification to appeal, which was denied the following day. This appeal followed.

"Our standard of review for habeas claims is well established. Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 592–93, 940 A.2d 789 (2008).

The petitioner claims that the habeas court abused its discretion in denying certification to appeal because the court improperly concluded that he failed to demonstrate that his trial and appellate counsel provided him with ineffective assistance. The petitioner expressly claims that Crone provided ineffective assistance of counsel (1) in failing to raise on direct appeal the issue of the trial court's omission of nondeadly force in its jury instructions on self-defense, (2) in failing to object to the trial court's instructions on intent and failing to raise the issue on direct appeal, (3) in failing to object to the trial court's repeated use of the word "victim" and failing to raise the issue on direct appeal, and (4) in his presentation on direct appeal of the issue of prosecutorial impropriety. We will address each claim of ineffective assistance of counsel separately.

"To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *Morant* v.

---

2007, the court granted the petitioner permission to amend the petition and on December 4, 2007, a second amended petition was filed.

*Commissioner of Correction,* 117 Conn. App. 279, 301, 979 A.2d 507, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009). First, deficient performance may be proved by showing that the counsel's representation "fell below an objective standard of reasonableness." *Strickland* v. *Washington,* 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Second, prejudice to the defense "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687. "Because the petitioner must satisfy both prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong." (Internal quotation marks omitted.) *Morant* v. *Commissioner of Correction,* supra, 301.

In regard to the second prong, our Supreme Court distinguished the standards of review for claims of ineffective trial counsel and ineffective appellate counsel. *Small* v. *Commissioner of Correction,* 286 Conn. 707, 721–24, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz,* 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008). For claims of ineffective appellate counsel, the second prong considers "whether there is a reasonable probability that, but for appellate counsel's failure to raise the issue on appeal, the petitioner would have prevailed in his direct appeal, i.e., reversal of his conviction or granting of a new trial." Id., 722. This requires the reviewing court to "[analyze] the merits of the underlying claimed error in accordance with the appropriate appellate standard for measuring harm." Id.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the

credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Joseph* v. *Commissioner of Correction*, 117 Conn. App. 431, 433, 979 A.2d 568, cert. denied, 294 Conn. 906, 982 A.2d 1080 (2009).

I

The petitioner first claims that Crone provided ineffective assistance because he did not raise on direct appeal the issue of the omission of nondeadly force in the court's jury instructions on self-defense.[3] At trial, Crone filed a request to charge seeking self-defense instructions that included instructions on both the use of deadly and nondeadly force. The court, however, instructed the jury that the petitioner had used deadly force and that the issue for the jury to decide was

---

[3] The petitioner also argues in his appellate brief that the habeas court improperly held that Crone had not been ineffective as trial counsel for failing to object to the jury instructions. The habeas court, however, in its memorandum of decision noted that the petitioner did not brief a claim of ineffective assistance at trial with regard to this issue. The issue of the trial court's instruction on the use of deadly force appears solely in count one of the habeas petition, which is titled "Due Process/Instructional Error." (The issue of ineffective assistance of trial counsel is not presented in this count.) Furthermore, the issue of Crone's failure to object to the court's instructions does not appear in count three, which is titled "Ineffective Assistance of Trial Counsel." Therefore, we do not review the petitioner's claim that the habeas court improperly held that trial counsel did not render ineffective assistance by failing to object to this particular jury instruction. See *Feen* v. *New England Benefit Cos.*, 81 Conn. App. 772, 776, 841 A.2d 1193 (holding that "[i]t is the appellant's responsibility to present such a claim clearly to the trial court so that the trial court may consider it and, if it is meritorious, take appropriate action. . . . For us [t]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." [Internal quotation marks omitted.]), cert. denied, 269 Conn. 910, 852 A.2d 739 (2004). Moreover, "[a] party may preserve for appeal a claim that a jury instruction was improper either by submitting a written request to charge or by taking an exception to the charge as given." *Pestey* v. *Cushman*, 259 Conn. 345, 372-73, 788 A.2d 496 (2002), citing Practice Book § 16-20. Crone submitted a request to charge on nondeadly force, preserving the issue for appeal. Therefore this claim is without merit.

whether the petitioner "reasonably believed" deadly force was necessary and whether that belief was "objectively reasonable." The petitioner asserts that his testimony created a factual basis for an instruction on nondeadly force. Specifically, when the petitioner testified, in response to being asked where he shot, "I don't know. It's not like I aimed." The petitioner claims that Crone's failure to argue this issue on appeal constitutes ineffective assistance of counsel because the degree of force used in self-defense is an issue of fact for the jury, and its omission serves as grounds for a new trial. The habeas court found that the petitioner, through his testimony, implicitly conceded that he used deadly force and that, therefore, an instruction on nondeadly force was not appropriate. We agree.

"[T]he court . . . has a duty not to submit to the jury, in its charge, any issue upon which the evidence would not reasonably support a finding." (Internal quotation marks omitted.) *State* v. *Whitford*, 260 Conn. 610, 625, 799 A.2d 1034 (2002). The petitioner argues that, according to *State* v. *Fuller*, 199 Conn. 273, 278, 506 A.2d 556 (1986), he is entitled to present any theory of defense, irrespective of its strength, provided there is a foundation for it in the evidence. After reviewing all of the evidence presented at trial in order to determine whether there is such a foundation from which the jury could reasonably conclude that the petitioner used nondeadly force, we find that there is not. See *State* v. *Whitford*, supra, 625.

The petitioner's statement that he did not aim at Gopie, when placed in the context of his entire testimony, could not have reasonably been interpreted to mean that he did not aim at Gopie's person and, therefore, could not have possibly supported an instruction on nondeadly force, because he had already testified that he shot at Gopie. The petitioner's statement, that he did not aim, was in response to the follow up question

of where he shot; presumably where on Gopie's body. In other words, the testimony in its entirety, shows that the petitioner admitted to shooting at Gopie but not at a specific body part. Further, on direct examination, the petitioner was asked, "why did you fire the shots *at* him?" to which he responded, "[w]hat else was I going to do? I mean, if I didn't what else am I gonna do, sit in the car and let him blow my brains out?" (Emphasis added.) Because the petitioner conceded that he intentionally shot at Gopie and, therefore, used deadly force, a jury instruction on nondeadly force would have been a factually unsupported instruction. Considering the evidence presented at trial, Crone's assistance as appellate counsel did not fall below an objective standard of reasonableness because it was within his discretion not to present an unsupported claim. See *McIver* v. *Warden*, 28 Conn. App. 195, 202–203, 612 A.2d 103, cert. denied, 224 Conn. 906, 615 A.2d 1048 (1992).

## II

The petitioner next claims that Crone provided ineffective assistance because he did not object to, nor raise on direct appeal, the trial court's instruction on intent, which the petitioner asserts improperly included inapplicable language that may have misled the jury on an essential element of the charges. The petitioner argues that the trial court's inclusion of the language "intent to engage in conduct," in its instructions on intent may have confused the jury and led it to decide the case based on the petitioner's general intent to fire the gun, rather than the specific intent required for all of the charges against the petitioner.[4]

---

[4] The petitioner was charged with one count of attempt to commit murder in violation of §§ 53a-49 (a) (2) and 53a-54a (a) and two counts of assault in the first degree in violation of § 53a-59 (a) (1) and (5), which require the intent to cause the death of another person, the intent to cause serious physical injury and the intent to cause physical injury respectively. All of these crimes, therefore, require specific intent.

The habeas court conceded that "the [trial] court's instructions [to the jury] on intent were imperfect"[5] but that Crone's failure to object to the improper jury instructions was not deficient performance because in his representation of the petitioner, he relied on a theory of self-defense. "Under a theory of self-defense, a criminal defendant basically admits engaging in the conduct at issue, but claims that that conduct was legally justified." *State* v. *Collins*, 100 Conn. App. 833, 849, 919 A.2d 1087, cert. denied, 284 Conn. 916, 931 A.2d 937 (2007). Accordingly, the habeas court concluded that Crone's focus on the prosecution's burden of disproving self-defense beyond a reasonable doubt, rather than the prosecution's burden of proving that the petitioner intended to shoot the victim, was consistent with his overall strategy. We agree.

A theory "of self-defense is a justification defense . . . [that] represents a legal acknowledgment that the harm caused by otherwise criminal conduct is, under special justifying circumstances, outweighed by the need to avoid an even greater harm or to further a greater societal interest." (Internal quotation marks omitted.) *State* v. *Singleton*, 292 Conn. 734, 748, 974 A.2d 679 (2009). Crone's failure to object to the jury instructions was "reasonable considering all the circumstances"; *Strickland* v. *Washington*, supra, 466 U.S. 688; because, as he testified to the habeas court, he was relying on the theory of self-defense, which inherently concedes that the petitioner acted intentionally but was justified in doing so. In regard to Crone's performance as trial counsel, we conclude that his representation

---

[5] In its memorandum of decision, the habeas court noted that the trial court improperly referred to "the intent to murder," rather than the "intent to cause the death of another person," which it had to self-correct, and that the trial court included inapplicable language by referencing the "conscious objective . . . to cause such result or engage in such conduct," which is the definition for general intent.

did not fall below an objective standard of reasonableness. Id. Because the first prong of *Strickland* is not met, the habeas court properly found that Crone did not render ineffective assistance of counsel.

Similarly, Crone did not provide ineffective assistance of counsel for failing to present on appeal the issue of improper jury instructions on the element of intent. In *McIver* v. *Warden*, supra, 28 Conn. App. 195, this court stated that an attorney may "[select] for review those issues that [the attorney believes are] the strongest and most likely to result in reversal." Id., 203. Crone, therefore, did not have to argue every colorable claim to render effective assistance and his decision "fell within the range of competence displayed by lawyers with ordinary training and skill . . . ." (Internal quotation marks omitted.) Id. The habeas court, therefore, properly found that Crone did not act as ineffective appellate counsel.

### III

In regard to his third claim, the petitioner argues that Crone rendered ineffective assistance of counsel for failing to object to, and to present on direct appeal, the trial court's use of the term "victim" in reference to Gopie. The petitioner argues that his right to a fair trial, afforded to him through the due process clause of the fourteenth amendment to the United States constitution, was infringed by the court's use of the word "victim." The petitioner asserts that the court, in its jury instructions, referred to Gopie as "the victim" at least eight times and that the jury was influenced by the usage of this term. The petitioner argues that the issue of whether Gopie was actually a victim was in dispute because at trial he maintained that he thought Gopie was going to use deadly force against him and that he shot Gopie in self-defense. According to the petitioner, the fact that it was in dispute leaves open the possibility

that the jury was influenced by hearing Gopie referred to as a victim and that Crone was ineffective for failing to object to the use of that term, either to prompt the trial court to give corrected instructions or alternatively to preserve the issue for appeal. The habeas court found that this did not amount to ineffective assistance of counsel. We agree.

The petitioner cites *State* v. *Cortes*, 84 Conn. App. 70, 72–76, 851 A.2d 1230 (2004), aff'd, 276 Conn. 241, 885 A.2d 153 (2005), as controlling authority, in which the defendant and the complainant testified to two very different stories about who had ended their previous relationship and how the complainant had actually sustained her injuries during an argument they had. Id., 73. The court concluded that the jury's instructions, which referred to the complainant as "the victim," constituted reversible error because the stabbing was contested. Id., 87. "In cases in which the fact that a crime has been committed against the complaining witness is not contested, but only the identity of the perpetrator is in dispute, a court's use of the term 'victim' is not inappropriate." Id., 86.

In *State* v. *Santiago*, 100 Conn. App. 236, 253, 917 A.2d 1051, cert. denied, 284 Conn. 933, 935 A.2d 152, 153 (2007), we noted the persuasive argument that if a defendant acts in self-defense, then the complainant is not a victim. In this case, if the defendant had acted in self-defense, Gopie would not have been a victim either. At the time of the petitioner's criminal trial, however, *State* v. *Cortes*, supra, 84 Conn. App. 70, had not been decided and, therefore, the issue of reversible error based on the court's use of the term "victim" was novel. When assessing an attorney's performance, "every effort [must] be made to eliminate the distorting effects of hindsight"; *Strickland* v. *Washington*, supra, 466 U.S. 689; and so we do not guess at which theory may have been most effective looking backward but what was

reasonable at the time. We acknowledge that a "counsel's failure to advance novel legal theories or arguments does not constitute ineffective performance." *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 461, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006). Further, *State* v. *Cortes*, supra, 84 Conn. App. 70, can be distinguished from this case because in *Cortes*, the word "victim" was used "as many as eighty times"; id., 84 n.9; as opposed to the eight times the petitioner references in the present case, making it far less likely that the jury was influenced improperly.

In 2002, when Crone represented the petitioner in his appeal, the issue of the usage of the term "victim" had not yet been accepted by this court as a valid basis for a meritorious claim, and, so, failure to present it does not establish deficient performance by Crone as appellate counsel for the previously mentioned reasons and, therefore, does not satisfy the first prong of *Strickland* v. *Washington*, supra, 466 U.S. 687. The habeas court, therefore, properly found that Crone did not render ineffective assistance as trial counsel or as appellate counsel.

## IV

Finally, the petitioner claims that the habeas court abused its discretion by not finding that Crone provided ineffective assistance of appellate counsel in his presentation on direct appeal of the issue of prosecutorial impropriety. The petitioner argues that had Crone included in the petitioner's appeal several other instances in which the prosecutor acted objectionably at trial, we would have held that the petitioner did not receive a fair trial. Specifically, the petitioner contends that Crone should have included that the prosecutor (1) stated that when the jury returned its verdict of guilty "justice will be done," that "it's only by the luck

of God that [Gopie is] not paralyzed or dead" and that
he had "over ten things that [the petitioner] did that
show he's guilty," (2) concluded that the petitioner ran
because he heard sirens, (3) referred to Gopie as the
"victim" to the venire panels and (4) questioned the
whereabouts of the jacket the petitioner was wearing
on the night at issue and why the petitioner did not call
his former girlfriend and sister as witnesses. The habeas
court found that "it would have been counterproductive
to object to every conceivable misstep by the prosecu-
tor," and Crone's decision not to do so, and not to
include every minute instance that could be considered
prosecutorial impropriety, was aligned with his overall
strategy in trying and appealing the case. We agree.

First, in regard to the prosecutor's statements during
closing arguments, Crone testified that he did not want
to make excessive objections because in his experience
it has a negative effect on jurors. "[T]he decision of a
trial lawyer not to make an objection is a matter of trial
tactics, not evidence of incompetency. . . . [T]here is
a strong presumption that the trial strategy employed
by a criminal defendant's counsel is reasonable and is
a result of the exercise of professional judgment . . . ."
(Internal quotation marks omitted.) *Smith* v. *Commis-
sioner of Correction*, 116 Conn. App. 383, 391, 975 A.2d
751, cert. denied, 293 Conn. 925, 980 A.2d 912 (2009).
Similarly, on appeal, Crone's strategy was to focus on
his strongest arguments and supporting facts, rather
than clutter the appeal with smaller issues and factual
instances. "While an appellate advocate must provide
effective assistance, he is not under an obligation to
raise every conceivable issue." (Internal quotation
marks omitted.) *McIver* v. *Warden*, supra, 28 Conn. App.
202. Crone's omission of the other instances that the
petitioner lists as acts of prosecutorial impropriety was
within the purview of his discretion as appellate counsel

and does not fall below an objective standard of reasonableness. See *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 701, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). The habeas court, therefore, did not abuse its discretion in finding that Crone's failure to object at trial, and his presentation of prosecutorial impropriety on appeal, did not constitute ineffective assistance of counsel.

Accordingly, because the petitioner has not established that the issues he has raised are debatable among jurists of reason, that a court could have resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further; *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 1994); we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

For the reasons set forth previously, we conclude that the petitioner has failed to meet his burden of proof to show Crone's representation was deficient.

The appeal is dismissed.

In this opinion the other judges concurred.